## Hatheway vs. Jones.

Females are privileged from arrest in civil cases, and so a capias clause against a female defendant in a writ of attachment, is illegal, and may be quashed on motion; but if the writ be, in other respects, good in form, the whole writ should not be quashed.

This Court will not reverse the judgment of the Circuit Court, where the party has not been prejudiced by the action of the Court: as where the Court erroneously quashed the writ, but the party, to prosecute his suit, would have to sue out an alias.

An appeal will lie from the judgment of the Circuit Court quashing the writ and giving the defendant costs.

*Appeal from Ouachita Circuit Court.*

Hon. Abner A. Stith, Circuit Judge.

Strain, for the appellant.

Watkins & Gallagher, for the appellee.

Mr. Chief Justice English delivered the opinion of the Court.

This action was commenced in March, 1856, in the Ouachita Circuit Court. The plaintiff, Hannah C. Hatheway, sued the defendant, Sarah E. Jones, for wages as an assistant teacher in a female school, kept by the defendant at Camden. With the declaration the plaintiff filed an affidavit that the defendant was indebted to her in the sum of $163 87, and was about to leave the State.

The plaintiff also filed an affidavit stating that the defendant had sold out all her real estate and personal effects, from which she had received several hundred dollars in cash, and collected

most of the funds due her for her school, and yet she fraudulently refused to pay any of the said proceeds of said sale or school, or any money that she had in her possession, to the plaintiff in discharge of said indebtedness.

Also, the affidavit of Charles White, stating that he had no interest in the suit, and that the facts stated in the plaintiff's affidavit (of fraud) were true, etc.

The plaintiff also filed an attachment bond in the usual form.

The clerk issued a writ of attachment, with a clause of summons; also a clause commanding the sheriff, if he could not find property sufficient to satisfy the debt, etc., to take the body of the defendant, etc.; and a clause of garnishment, in which William L. Bradley, Robert E. Arrington and Edward N. Woodland, were specially named as garnishees.

The sheriff returned upon the writ, that on the 7th of March, 1856, he went to the residence or place of abode of the defendant, and finding no property, he arrested her under the capias clause of the writ, and held her in custody until the next day, when she was released upon executing a bail bond. Also, that he read the writ in the presence and hearing of Wm. L. Bradley and Robert E. Arrington, two of the garnishees: the other not found.

At the return term, the defendant filed a motion to quash the writ, on the grounds following: 1st. The writ is double, embracing two distinct and independent remedies for different actions; 2d. The writ contains an attachment clause against the goods, etc., and a capias clause against the person of the defendant: 3d. The writ requires the garnishees to answer as to the lands and tenements of the defendant that they may have in possession, etc.

Judgment of the Court:

" Came the parties, by attorneys, and said motion to quash is submitted on argument, etc., and by the Court sustained Therefore, it is by the Court considered that said writ be

quashed, and that said Sarah E. Jones recover against said Hannah C. Hatheway all her costs in and about said writ and said motion to quash in this behalf expended."

The plaintiff excepted to the decision of the Court, and appealed to this Court.

Females are privileged from arrest and imprisonment on any process, original or final, in any civil case. *Digest, ch.* 14, *sec.* 7, *p.* 161.

The declaration, affidavits and writ show upon their faces, that the defendant Sarah E. Jones, was a female. The capias clause against her was, therefore, illegally inserted in the writ. Moreover, the chapter of the Digest entitled " *Attachments in the Circuit Courts,*" makes no provision for the insertion of a *capias* clause against the principal defendant in the writ of attachment—though it provides for a *capias* against a garnishee. *Sec..* 7.

The effect of the act of February 3d, 1843, entitled " *An act to abolish imprisonment in civil cases,*" (*Acts of* 1842, *p.* 118; *Digest, p.* 588), was not to enlarge the instances in which a *capias* or *ca. sa.* might issue, but to make all the statutes then in force, authorizing arrests and imprisonment for debt, inoperative, except in cases of fraud on the part of the debtor, alleged by the plaintiff and sustained by the affidavits prescribed by the act.

The capias clause having been inserted in the writ contrary to law, that clause of the writ was void, the arrest of the defendant was illegal, and the bail bond was of no effect.

The *capias* clause of the writ should have been quashed, but in all other respects, the writ was in good form, and the Court should not have quashed the whole writ because of the improper insertion of the *capias* clause. The bad did not vitiate the good.

But the plaintiff was not prejudiced by the quashing of the whole writ, because no clause of it was executed by the sheriff except the *capias* clause, which was void. Under the clause against the goods and chattels, lands and tenements, etc., the

sheriff returned no property found. Under the clause directing him to *summon* the defendant, he made no return. Under the clause against the garnishees, he returned service upon two of them by merely reading the writ in their presence and hearing. This was not sufficient to bind the effects of the principal defendant in their hands. He should have gone further, and declared, in the presence of one or more citizens of the county, that he attached all the property, credits and effects of the defendant, in the hands or possession of the garnishees. *Dig.*, ch. 17, secs. 8, 11; *Richmond vs. Duncan et al.*, 4 *Ark.* 198; *Reed vs. Kirkwood*, 19 *Ark.*

The *capias* clause of the writ being void, and there having been no effectual execution of any other clause of the writ, the plaintiff could not have proceeded with her cause without taking an alias writ. She was not, therefore, as above remarked, prejudiced by the judgment of the Court quashing the whole writ, and the judgment will not be reversed.

The counsel for the appellee has intimated that the judgment quashing the writ was not final, and that no appeal would lie therefrom, though he does not insist upon the objection.

In the *Bank of the State vs. Bates et al.*, 5 *Eng.* 631, the judgment was, in effect, the same as the one now before us, and after reviewing the previous decisions of the Court, on the same subject, it was held that a writ of error would lie to the judgment.

A judgment, to be final, must dismiss the parties from the Court, discharge them from the action, or conclude their rights to the matter in controversy. *Campbell vs. Sneed*, 5 *Ark.* 399; *Bank of the State vs. Bates, ubi sup.*

When the writ is quashed on motion, or on plea in abatement of the writ, the effect of the judgment is to dismiss the defendant from the Court, and, for the time, discharge him from the action. The plaintiff can proceed no further in the cause until he brings the defendant again into Court by the issuance and service of an *alias* writ. *Adams et al. vs. State*, 4 *Eng.* 33. The declaration remains in Court, it is true, but a declaration

without a writ, is no suit, unless the defendant enter his appearance.   *State Bank vs. Cason et al.*, 5 *Eng.* 479.

On the quashing of the writ, the plaintiff may take an alias, if he chooses, and thereby waive objection to the judgment of the Court.   But it will not do to say that he must take an alias—that he cannot rest upon the quashal of the writ, and appeal from, or take a writ of error to the judgment of the Court.   Because the Court might, in many cases, by erroneously quashing the writ, prejudice the rights of the plaintiff.   As, for example, where property is attached under a writ, it would be released upon the quashal of the writ, and the sheriff might not be able, under an alias writ, to find it again.

We think, upon the quashing of the writ, the plaintiff may elect to take an alias, or rest, and take an appeal or writ of error.   If the judgment is reversed, he is restored to his rights under the writ; if it is affirmed, he can then take out an alias, and proceed with the cause, if he thinks proper.

In *The State vs. Vaughan et al.*, 14 *Ark.* 424, a *scire facias* upon a forfeited recognizance was quashed, the State appealed, and this Court held that there was no final judgment.   The case seems to have turned upon the fact that the Court below merely quashed the writ, and rendered no further judgment. The opinion was delivered by the same judge (Mr. Justice Walker) who delivered the opinion of the Court in *Bank of the State vs. Bates,* and there is no intimation of any intention to overturn the doctrine of that case.   (See, also, *State Bank vs. Roddy,* 14 *Ark.* 400.

For the reason, as above indicated, that the appellant was not really aggrieved by the judgment of the Court below, it will be affirmed.

Absent, Mr. Justice RECTOR.