## SMALL *v.* MONTGOMERY.[1]

*(Circuit Court, E. D. Missouri.  April 6, 1885.)*

JURISDICTION—SERVICE ON NON-RESIDENT ATTENDING AS WITNESS IN ANOTHER CASE.

> Where a non-resident, who has come into the district to attend the trial of a case in which he is plaintiff, is detained within the jurisdiction of this court as a witness in another suit, he is not subject to civil service for the institution of suits against him while so detained.

### Plea in Abatement and Demurrer to the Evidence.

The plea states that the defendant is a resident of Tennessee, and came into this district to attend the trial of a case in which he was plaintiff, and a necessary witness on his own behalf; that while attending the trial of said case he was served with a subpœna in another case then pending in the St. Louis circuit court, and while attending as a witness in the latter case, in obedience to said subpœna,

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

was served with process in this case. The evidence substantiated the allegations of the plea.

*Krum & Jonas,* for plaintiff.

*Collins & Jamison,* for defendant.

TREAT, J., *(orally.)* The question presented by demurrer to the evidence on the plea of abatement, and the reply thereto, in this case, is one on which, after a great difference of opinion, the various circuit courts of the United States have reached a common conclusion,— one in the first circuit, and one in the adjoining circuit, the seventh. Extended commentaries thereon will be found in 21 Amer. Law. Reg. 672. See *Atchison* v. *Morris,* 11 FED. REP. 582.

The proposition is this: When a party to a suit, a non-resident, appears in a state, in order to represent himself with respect to his interests therein involved, or when one as a witness is brought into a state for that purpose, whether, thus coming within such jurisdiction, he is subject to civil service for the institution of suits against him. I am cited to a recent case in Connecticut, followed by a commentary in another case by Judge SHIPMAN, a United States district judge. An examination of those cases will show that neither the supreme court of Connecticut nor the United States district judge went to the length contended for in this case. All the United States circuit judges who have passed upon the question of late, as well as *dicta* by the supreme court of the United States in respect thereto, reach this result, viz.: that where a party *in good faith* is brought within the jurisdiction of the state or detained therein, being a non-resident, either as party to the suit or as witness in another suit, he is not subject to service. And the reason—the main reason—is very potential, so far as our country is concerned. There are many states, stretching from Maine to Oregon, and a man who is required to go from one to the other, either as a witness or as a party to a suit, should not be pursued by suit while abroad, instead of being sued at his own residence; otherwise, every one, as is stated in many of these opinions, would avoid, as far as possible, being subjected, thousands of miles away, to suits of this character. The result is, the demurrer to the evidence is overruled. Judgment on the plea of abatement in favor of defendant, which abates the case.