## MARTIN *v.* BACON.

Opinion delivered June 24, 1905.

1. WITNESS—EXEMPTION FROM PROCESS.—A party cannot be lawfully served with civil process while he is in attendance on a court in a State other than that of his residence either as a party or a witness, or while going thereto or returning therefrom. (Page 160.)

2. SAME.—Where a nonresident was attending court in order to avoid a forfeiture of his bail bond, service on him of process in a civil suit will be quashed. (Page 161.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Reversed in part.

*Greaves & Martin,* for appellant.

*Wood & Henderson,* for appellee.

BATTLE, J. James T. Grubb in his lifetime brought an action against C. H. Bacon for damages caused by an assault and battery made upon him by the defendant. The action was commenced on the 16th of November, 1901. The plaintiff died, and the action was revived in the name of W. H. Martin, as special administrator.

The defendant moved the court to quash the summons, setting out the grounds in his motion; and the plaintiff replied, stating facts. The court sustained the motion, and dismissed the action, and the plaintiff appealed.

The motion was heard and sustained upon the following agreed statement of facts:

"The alleged assault for which this action was brought was made on the 6th day of May, 1901, in the city of Hot Springs, Garland County, Arkansas. Upon said date the defendant was a visitor to the city of Hot Springs, and was not present in said city under compulsion of any judicial process, but was here voluntarily.

"Said defendant, C. H. Bacon, is, and was on the said 6th day of May, 1901, a resident of the State of Tennessee.

"That upon a preliminary examination being made and held, in which said alleged assault was investigated, the defendant was held to await the action of the grand jury of Garland County, and was permitted to, and did, give bond in the sum of one thousand dollars for his appearance on the 1st day of the October, 1901, term of the circuit court of Garland County, next ensuing.

"That afterwards, to wit, on the 19th day of October, 1901, said grand jury returned a bill of indictment charging the said Bacon with assault with intent to kill, committed upon the person of the said J. T. Grubb, and on the ——day of ——, 1901, an order was made by the circuit court of Garland County permitting the said Bacon to remain upon the bond already given by him until the further order of the court; and the case was set for trial on the 19th day of November, 1901, the same being also a day of said October term of said court.

"That the defendant left his home, in Tennessee, and came to the city of Hot Springs, arriving here on the 15th day of November, 1901—coming here for the purpose of being present at said trial, and of making his arrangements for said trial— and was served with summons herein on the 16th day of November, 1901, and came here in obedience to his said bail bond, requiring him to be present at said trial, and for the purpose of being tried under said indictment, and that said defendant was in this county for no other purpose than to be present and

submit himself to the orders and judgment of this court in said cause."

It is well settled by the great weight of authority that a party cannot be lawfully served with civil process while he is in attendance on a court in a State other than that of his residence, either as a party or a witness, or while going to and returning therefrom. *Murray* v. *Wilcox* (Iowa), 97 N. W. 1087, 64 L. R. A. 534, 101 Am. St. Rep. 263; *Powers* v. *Arkadelphia Lumber Company*, 42 Cent. Law J. 397, and note; note to *Mullen* v. *Sanborn*, 25 L. R. A. 721. In this State a party, in civil actions and criminal prosecutions, can testify as a witness, and may be exempt from service of civil process in both capacities. Judge Elliott, in *Wilson* v. *Donaldson*, 117 Ind. 356, 20 N. E. 250, 3 L. R. A. 266, 10 Am. St. Rep. 48, gives the reason for the exemption as follows: "If citizens of other States are allowed to come into our jurisdiction to attend court as parties or witnesses, and to freely depart from it, the administration of justice will be best promoted, since a defendant's personal presence is often essential to enable his counsel to justly conduct his defense. The principle of State comity, too, demands that a citizen of another State who submits to the jurisdiction of our courts, and here wages his forensic contest, should not be compelled to do so under the limitation and obligation of submitting to the jurisdiction of our courts in every case that may be brought against him. While coming and departing, as well as while actually in necessary attendance at court, he should be free from the hazard of being compelled to answer in other actions. It is an evidence of respect for our laws and confidence in our courts that he comes here to litigate, and the laws he respects should give him protection. If he can come only under the penalty of yielding to our jurisdiction in every action that may be brought against him, he is deprived of a substantial right because he is willing to trust our courts and our laws without removing his case to the Federal courts, or refusing to put himself in a position where a personal judgment may be rendered against him. High considerations of public policy require that the law should encourage him to freely enter our forums by granting immunity from process in other civil actions, and not discourage him by burdening him

with the obligation to submit to the writs of our courts if he comes within our borders."

Judge Trent, in *Small* v. *Montgomery* (C. C.), 23 Fed. 707, said: "All the United States circuit judges who have passed upon the question of late, as well as *dicta* by the Supreme Court of the United States in respect thereto, reach this result, viz, that where a party in good faith is brought within the jurisdiction of the State, or detained therein, being a nonresident, either as party to the suit, or as witness in another suit, he is not subject to service. And the reason—the main reason—is very potential, so far as our country is concerned. There are many States, stretching from Maine to Oregon, and a man who is required to go from one to the other, either as a witness or as a party to a suit, should not be pursued by writ while abroad, instead of being sued at his own residence; otherwise every one, as is stated in many of these opinions, would avoid as far as possible being subjected thousands of miles away to suits of this character." *Atchison* v. *Morris* (C. C.), 11 Fed. 582.

Upon the same principle of justice, good faith, and comity, and to subserve the due administration of justice, it has been held that "a person who has been brought within the jurisdiction of a court from another State upon a requisition, as a fugitive from justice, and has been tried for or discharged as to the offense against him, is not subject to arrest on a civil process until a reasonable time and opportunity have been given him to return to the State from which he was taken." *Moletor* v. *Sinnen* (Wis.), 44 N. W. 1099, 7 L. R. A. 817, 20 Am. St. Rep. 71; *Blair* v. *Turtle,* 1 McCrary, 372, 5 Fed. 394; *Compton* v. *Wilder,* 40 Ohio St. 130; *People* v. *Judge,* 40 Mich. 630; *Cannon's Case,* 47 Mich. 482, 11 N. W. 280.

The appellee comes within the spirit of the rule which exempts persons from service of civil process, and is entitled to its benefit. He is a nonresident of this State—a resident of the State of Tennessee—and was bound to attend the Garland Circuit Court, in this State, to avoid the forfeiture of his bond. He was also entitled to attend as a witness in his own behalf. His attendance was compulsory. While in attendance in obedience to his bond, process in this case was served upon him. The service, on his motion, should be set aside. *Murray* v.

*Wilcox* (Iowa), 97 N. W. 1087, 101 Am. St. Rep. 263, 64 L. R. A. 534.

Judgment as to the service of process is affirmed, and in other respects is reversed.