## WILLIAM WILSON, Plff.

### *v.*

## JOSEPH CODY, Dft.

---

San Juan, Law, No. 1110.

ARREST IN A CIVIL CASE.

Privilege of Witness from Arrest.

 A person coming to Porto Rico to attend a trial of a case as a witness is not subject to civil arrest while necessarily remaining on the island.

Opinion filed November 30, 1915.

---

NOTE.—As to privilege of nonresident witness from arrest or service of process, see notes in 25 L.R.A. 721; L.R.A.1915A, 694.

*Mr. E. B. Wilcox* attorney for motion for arrest.

*Mr. F. H. Dexter* attorney for defendant Cody.

HAMILTON, Judge, delivered the following opinion:

A motion is made by the plaintiff for an order of arrest of the defendant Joseph Cody under § 144 of the Code of Civil Procedure of Porto Rico. This section reads as follows:

The defendant may be arrested as hereinafter prescribed, in the following cases:

1. In an action for the recovery of money or damages, in a cause of action arising upon a contract, express or implied, where the defendant is about to depart from the Island of Porto Rico, with intent to defraud his creditors; or when the action is for wilful injury to person, to character, or to property, knowing the property to belong to another.

2. In an action for money or property embezzled, or fraudulently misapplied or converted to his own use by a public officer, or an officer of a corporation, or an attorney, factor, broker, agent or clerk, in the course of his employment as such, or by any other person in a fiduciary capacity.

3. In an action to recover the possession of personal property unjustly detained, when the property, or any part thereof, has been concealed, removed or disposed of to prevent its being found or taken by the marshal.

4. When the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought, or in concealing or disposing of the property for the taking, detention, or conversion of which the action is brought.

Wilson v. Cody.

5. When the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors, fraudulently declaring himself insolvent.

The facts claimed to authorize the arrest are set out by affidavit and plaintiff offers to make bond. The defendant makes a special appearance in opposition to the motion, and seeks also to set·aside the summons which has been already served.

1. The plaintiff sets up that Porto Rico, being a civil law country, is not subject to the rules of procedure which govern many of the United States, and consequently not to the decisions as to the arrest of defendants in civil suits. He sets up that the law governing this case is to be found in §§ 166 and 167 of the Porto Rico Law of Evidence. These read as follows:

Sec. 166. Every person who has been, in good faith, served with a subpœna to attend as a witness before a court, judge, commissioner, referee or other person, in a case where the disobedience of a witness may be punished as a contempt, is exonerated from arrest in a civil action while going to the place of attendance, necessarily remaining there, and returning therefrom.

Sec. 167. The arrest of a witness, contrary to the preceding section, is void, and when wilfully made, is a contempt of court; and the person making it is responsible to the witness arrested for double the amount of damages, etc.

As to civil procedure, however, Porto Rico is not a civil law country. Its Code of Civil Procedure and the Law of Evidence, from which an extract is above quoted, are of American origin. They were adopted by Porto Rico from the states where the common law prevails. It therefore follows that the

VIII. Porto Rico—18.

principles of the civil law do not govern this case. Furthermore, it might be doubtful whether the matter is not covered by the Revised Statutes of the United States. Rev. Stat. § 904, Comp. Stat. 1913, § 1518, etc.

2. The decisions in Federal courts have been uniform from the beginning, where the "witness is privileged from arrest for a reasonable time to prepare for his departure and return to his home, as well as during his actual attendance upon the court." Smythe v. Banks, 4 Dall. 329, 1 L. ed. 854, Fed. Cas. No. 13,134 (1797). To the same effect, it is held that a citizen of another state who when in attendance upon court as a suitor has been subpœnaed as a witness in another case is privileged from arrest in execution issuing from a state court while at his lodgings; Hurst's Case, 4 Dall. 387, 1 L. ed. 878, Fed. Cas. No. 6,924.

There are a number of cases in the Federal Reporter, early and late. Thus:

"A party going into another state as a witness or as a party under process of a court to attend upon the trial of a cause is exempt from process in such state while he is necessarily attending there in respect to such trial. Brooks v. Farwell, 1 McCrary, 132, 4 Fed. 166.

"Where a nonresident who has come into the district to attend the trial of a case in which he is plaintiff is detained within the jurisdiction of this court as a witness in another suit, he is not subject to civil service for the institution of suits against him while so detained." Small v. Montgomery, 23 Fed. 707.

"A suitor who has come from his home into a foreign jurisdiction upon the request of his counsel and for the purpose of

Wilson v. Cody.

consultation with such counsel during the argument of a demurrer is privileged from the service of process in any part of such jurisdiction during the argument and pending a temporary adjournment thereof for the convenience of the court."

"It was not uncommon formerly to issue a writ of protection out of the court which the party was attending as a suitor or witness, but it is no longer usual, as the court in the enforcement of its own authority and dignity protects the witness or the party, on the ground that the object of the privilege was that the person should not be drawn into a foreign jurisdiction and there be exposed to be entangled in litigation far from his home and subjected to the expense thus entailed. It is obvious that whether the process be for the arrest of the person or by the mere service of a summons upon him, he would incur almost equal annoyance and expense, and that there is no tenable distinction on principle between the two methods of service of process." Kinne v. Lant, 68 Fed. 436.

In the case at bar, it is shown that the defendant Cody came here as a witness in another case, and will be in Porto Rico only long enough to take the next ship sailing for the States, that is, one sailing Wednesday, December 1. It is true he intended to sail by the ship leaving last Wednesday, but the case in question was in progress and he was unable to do so. He could have sailed on a ship from Mayaguez on Saturday last but for the fact this motion was pending. Upon the whole, he would seem to be exempt from civil arrest up to the departure of the Brazos, sailing Wednesday afternoon, December 1.

3. It is claimed, however, that this immunity applies only to witnesses served with a subpœna. Such is the wording of the Porto Rican law above mentioned. But not only does that

law not control this case, but it has been expressly held that at common law a witness who in good faith comes to court to testify in a pending suit, whether he comes in obedience to subpœna or at the mere request of one of the parties, attends pursuant to law, and while coming, attending, and returning is privileged from arrest on civil process, even if he comes from abroad and has no writ of protection. United States v. Sanborn, 28 Fed. 302. The principle is that protection is extended to the witness, and not to the subpœna. If a person is actually on the stand as a witness, how he gets there makes no difference. He is a witness in any case, and is entitled to all the immunities of a witness. This is somewhat analogous to the appearance of a defendant. A person becomes a defendant as well by appearance as by service of summons. The law looks at the substance, not the form.

It follows, therefore, that the defendant is not subject to civil arrest. It does not seem necessary at this time to pass upon the question of setting aside the summons. If the suit is prosecuted further there will be other opportunity to raise this question.

The motion for arrest process against defendant Cody is therefore denied. The motion to set aside summons is also denied with leave to renew later.

It is so ordered.