## HOGUE *v.* HOGUE.

Opinion delivered January 27, 1919.

1. APPEAL AND ERROR—APPEALABLE ORDERS—QUASHING SUMMONS.— Although there is no appeal from a refusal to quash a summons or dismiss a case, plaintiff may appeal where it is ordered that the summons be quashed and defendant go hence without day.

2. PROCESS—PRIVILEGE—PERSONS TAKING DEPOSITIONS.—Where a suit for divorce was pending in another State, and the husband and wife came into Arkansas for the purpose of taking depositions, the husband was privileged from the service of summons while in the State, in an action by the wife against him.

3. EVIDENCE—FILING—CERTIFICATE OF CLERK.—The certificate of the clerk of a court entered upon a demurrer at the time of its receipt is the best evidence of its filing, it is not conclusive evidence thereof, and it was competent to show by parol evidence that the paper was not intended to be filed.

4. RECORDS—FILING.—While it is proper for a clerk when he receives papers to indorse thereon the date of the filing, such indorsement is not the filing, but is merely an evidence of filing; a paper being filed when it is delivered to the proper officer and by him received to be kept on file.

5. PLEADING—FILING OF DEMURRER.—A demurrer to a complaint was not filed so as to constitute an appearance by defendant where the clerk marked it as filed but immediately notified defendant's attorney that it would not be filed until a deposit was made to cover costs, and the attorney later withdrew it.

Appeal from Clay Circuit Court, Eastern District, First Division; R. H. Dudley, Judge; affirmed.

STATEMENT OF FACTS.

Verna Hogue instituted this action in the circuit court against her husband, Maury A. Hogue, alleging that he had communicated to her a venereal disease. She had summons issued on him in Piggott, Arkansas, on June 27, 1918. On October 14, 1918, being the first day of the next term of the court, the defendant, Maury A. Hogue, filed a motion to quash the summons, which had been served upon him in the suit, on the ground that at the time of the service of the summons he was a resident of the State of Missouri and that he was at Piggott on June 27, 1918, for the purpose of attending the taking of depositions in a divorce suit between himself and his wife. The facts are as follows:

Maury A. Hogue is a resident of Dunklin County, in the State of Missouri. She instituted a suit for divorce against him in that county. He answered denying the allegations of the complaint and filed a cross-complaint, in which he asked for a divorce from his wife. By agreement between the parties and their attorneys, they met at Piggott, Arkansas, on the 27th day of June, 1918, for the purpose of taking the depositions of witnesses to be used in the trial of said cause. On the 27th day of June, 1918, while in Piggott for the purpose of taking these depositions, Verna Hogue had summons served on her husband, Maury A. Hogue, in the present action. On July 19, 1918, the attorneys for Maury A.

Hogue sent to the clerk of the circuit court at Piggott, Arkansas, a general demurrer to the complaint which was received by the clerk. The clerk marked on it the following: "Filed in my office this 19th day of July, 1918." On the same day the clerk wrote to Ward & Reeves, the attorneys for Maury A. Hogue, at Caruthersville, Missouri, the following letter:

"Gentlemen: I am in receipt of your demurrer in the *Hogue* v. *Hogue* case and noted your request, but our law requires each complaint to be filed in duplicate, and as you have only sent one copy, I am holding same until you can send the additional copy.

"Also, under the new salary law under which we are working, an advance fee must be paid in all cases where there is no bond for costs, to cover the costs in the case, the same to be credited on the papers and be adjusted at termination of suit.

"The usual amount paid is $10, and the plaintiff has paid the amount required to cover any costs accrued by them.

"Upon meeting the above requirements, your demurrer will be properly filed.

"Awaiting your further pleasure, I am,

"Yours truly."

This letter was duly received by Ward & Reeves at Caruthersville, Missouri, and they wrote to the clerk on July 22, 1918, the following:

"Dear Sir: Enclosed find copy of the demurrer in the case of *Hogue* v. *Hogue*. We did not know that a copy should be filed together with the original.

"Yours truly."

This letter was duly received by the clerk and he wrote to Ward & Reeves in reply thereto the following:

"Gentlemen: You have ignored that part of my former letter with reference to the costs in this case. You must either file a suitable bond or send check for as much as $10 to cover advance costs before I can file this demurrer.

"Yours truly."

Ward & Reeves received this letter on August 8. The clerk again wrote to Ward & Reeves the following letter:

"Gentlemen: I am still awaiting your reply to my letter about the costs in the case of *Hogue* v. *Hogue.* I have not as yet received any reply nor check to cover the advance costs in the case. The plaintiff has paid her fee for entering the case, but to date you nor the defendant have not complied. I am still holding the demurrer awaiting your reply.

"Yours truly."

This letter was also received by Ward & Reeves, and in reply they wrote to the clerk the following:

"Dear Sir: I must certainly beg your pardon because of my negligence in not answering your letter, but I have been away from home and my law partner knew nothing about it. Of course, I have never been required in representing defendants to pay costs, but I now understand that you are on a salary basis, and you have to account for all the fees; and, of course, you are perfectly right; but, I am informed by Mr. Huddleston that it is not necessary for me to file anything in court at this time. You may return to me the demurrer.

"I thank you for your courtesy in this matter, and assure you that I will protect you in every way in any costs in this matter as we proceed in this case.

"Yours truly."

This letter was duly received by the clerk at Piggott, Arkansas.

The court sustained the motion of the defendant to quash the summons and caused to be entered of record the following order:

"On this day, this cause coming on to be heard upon the motion of the defendant to quash the summons issued in this cause, the same is submitted and heard upon said motion, the response of the plaintiff and the reply of the defendant to said response and upon the testimony of C. W. Pollard, M. P. Huddleston, and R. L. Ward, and the exhibits thereto.

"The court after due consideration finds for defendant, as to all the issues involved in said motion, and quashes the summons issued in this cause.

"It is therefore by the court considered, ordered and adjudged that the summons heretofore issued in this cause be and the same is hereby quashed, and that defendant go hence without day.

"To which finding and judgment of the court, the plaintiff at that time excepted and asked that her exceptions be noted of record, which is accordingly done, and prayed an appeal to the Supreme Court which was granted, and plaintiff allowed one hundred and twenty days in which to file her bill of exceptions herein."

The plaintiff has appealed.

*Huddleston, Fuhr & Futrell,* for appellant.

1. The court erred in quashing the summons; defendant was not privileged from service of summons. The court erred in its orders Nos. 1 and 2. They were appealable orders. 2 Stand. Enc. Proc. 172; 35 Pac. 210; 4 Iowa 564; 30 N. W. Rep. 360.

2. Certiorari lies to quash these orders. 26 Cyc. 190-1; 34 Am. St. 41; 31 Fla. 594.

3. Mandamus also lies as well as appeal. 91 Ark. 238; Ann. Cases D., 1912, 1267; 9 Am. St. 249; 21 Fed. Cases, 12475 a; 53 Mich. 542. See also 25 L. R. A. (O. S.) 721; 61 Ark. 504; 31 Cyc. 591. Filing a demurrer is an entry of appearance. 21 Ark. 578; 18 Am. Cas. 250, and note; 35 Ark. 578; 12 *Id.* 62; 18 Am. Cas. 250, and note; 35 Ark. 276; 38 *Id.* 102; 43 *Id.* 545; 85 *Id.* 246; 90 *Id.* 316; 95 *Id.* 302; 77 *Id.* 412; 128 *Id.* 321. See also 20 Wall. 8; 3 Ark. 436; 91 *Id.* 231; 145 Cal. 44.

*Ward & Reeves* and *W. E. Spence,* for appellee.

The summons was properly quashed. There was no entry of appearance and the court's orders were not appealable. 25 L. R. A. 721; 3 L. R. A. 578; 98 Mo. 590; 108 N. Y. 578; 96 Wis. 641. Filing a paper was not an entry of appearance. Here there was no filing. 19 Cyc.

529, and cases *supra.* 21 Ark. 578; 82 *Id.* 164; 15 Ga. 483; 87 Ind. 140; 57 Mo. 83.

The appeal should be dismissed and mandamus and certiorari denied. *Supra.*

HART, J., (after stating the facts). The record shows that it was ordered and adjudged by the trial court that the summons be quashed and that the defendant go hence without day. Was this a final judgment and, therefore, appealable? The practice in cases of this sort is well settled in this State. Where the trial judge denies a motion to quash the summons or to dismiss the case, he should proceed with the trial, leaving the defendant to save his exceptions to the ruling of the court. Then when final judgment is rendered, all alleged errors occurring at any time during the progress of the trial may be determined on one appeal by this court. The delays and inconveniences resulting from premature or fragmentary appeals are manifest and have frequently been pointed out by this court. It is evident that if an appeal lay in any case from a refusal to quash the summons or to dismiss the case, a defendant could in every case obtain a delay of several months by such motion. So the rule is well settled that there is no appeal from a refusal of the trial court to quash the summons or to dismiss the case. On the other hand, if the trial court quashes the writ, the plaintiff may take an alias summons and thereby waive objection to the judgment of the court; or he may rest upon the quashal of the writ and appeal from the judgment of the court quashing the summons and permitting the defendant to go hence without day or what amounts to the same thing, dismissing the plaintiff's action. To illustrate, in *Bank of the State* v. *Bates et al.,* 10 Ark. 631, the trial court quashed the summons on motion of the defendants and rendered judgment in their favor for costs. This court held that was a final judgment to which a writ of error would lie. Mr. Justice WALKER, who delivered the opinion of the court said that a judgment of a court to be final, must dismiss the parties from the court, discharge them from the action, or con-

clude their rights to the subject-matter in controversy.
This court reversed the judgment, however, because it
held that the transcript was conclusive against the de-
cision of the court below, which was that the writ should
be quashed for want of a seal.

In *State* v. *Vaughan et al.,* 14 Ark. 424, the court
held that a judgment quashing a writ of *scire facias* upon
a forfeited recognizance, was not a final judgment, from
which an appeal would lie to this court. The writs were
quashed in the court below upon the ground that a single
writ and not separate writs should have been issued.
But no further judgment was rendered. Mr. Justice
Walker, who, also, delivered the opinion of the court in
this case said that if the State had desired to test the cor-
rectness of the decision of the circuit court, it should
have refused to have proceeded further, and suffered
final judgment to be rendered disposing of the whole
case. In other words, the court held that the case was
not out of court merely by the quashal of the writ and
that the State had the right to sue out an alias writ.
Hence the judgment was not a final one and therefore
appealable. This practice was followed in *Harlow* v.
*Mason,* 117 Ark. 360. In that case the court merely
quashed the return on the summons, and no other judg-
ment was rendered. Hence the judgment was not final
and appealable. The question of practice which we have
announced was recognized in *Hatheway* v. *Jones,* 20 Ark.
109, in an opinion by Chief Justice ENGLISH. There
the clerk issued a writ of attachment with summons; also
a capias clause against the person of the defendant; a
clause of garnishment; and the defendant filed a motion
to quash the writ.

The circuit court sustained the motion and it was ad-
judged that the writ be quashed and that the defendant
recover costs. The judgment was held to be final and
appealable. On the question of practice the court said
in effect that on the quashing of the writ, the plaintiff
may take an alias writ or he may rest and appeal.

In the present case, there was not only a judgment quashing the summons, but there was a judgment that the defendant go hence without day. This made the judgment final and appealable under the rules of practice above announced.

This brings us to the question of whether or not Maury A. Hogue was privileged from the service of summons.

Maury A. Hogue and Verna Hogue are husband and wife and reside in the State of Missouri. The wife sued the husband for divorce in that State, and the husband answered denying the allegations of the complaint and filed a cross-complaint asking for a decree of divorce for himself. On June 27, 1918, both parties, with their attorneys, by agreement, came to Piggott, Arkansas, to take depositions to be used on the trial of their divorce suit. On June 27, 1918, after they arrived in Piggott, Verna Hogue sued Maury A. Hogue for damages, alleging that he had communicated to her a venereal disease while they were living together as husband and wife, and caused service of summons to be had upon him. We think that under the circumstances, Maury A. Hogue was privileged from the service of process in the damage suit filed against him by his wife.

In *Martin* v. *Bacon*, 76 Ark. 158, the court held that civil process can not be served upon a non-resident, who is temporarily within the State to attend a criminal charge against him. In discussing the question, the court said that it is well settled by the great weight of authority that a party cannot be lawfully served with civil process while he is in attendance on a court in a State other than that of his residence, either as a party or a witness, or while going to and returning therefrom.

In a case note to 6 A. & E. Ann. Cas. at 338, it is said that where non-residents come into a State for the purpose of attending in good faith upon the trial of a cause to which they are parties they are privileged from the service of process in a civil action, although they do not attend the trial of their causes for the purpose of testi-

fying therein. See, also, note to 11 Ann. Cas. at 1146; note to 18 Ann. Cas. at 128; *Diamond* v. *Earle* (Mass.), Ann. Cas. 1915 D. 984 and note; *Mallory* v. *Brewer* (S. D.), 58 Am. St. Rep. 856; *Fish* v. *Westover* (S. D.), 46 Am. St. Rep. 780, and *Parker* v. *Marco* (N. Y.), 32 Am. St. Rep. 770. The privilege of immunity from service of process rests upon grounds of public policy. For the orderly and effectual administration of justice, it is just as important that the party be present at the taking of depositions as it is that he be present at the actual trial of the case. It will be readily apparent that the presence of the party at the taking of depositions will be necessary in order that his attorney may consult him about the examination and cross-examination of witnesses, and the presence of the party may be of the utmost importance in properly preparing his case for trial. This principle was recognized by this court in *Powers* v. *Arkadelphia Lumber Co.*, 61 Ark. 504, where it was held that a resident of the State, while attending the taking of·depositions in a cause to which he is a party in a county not of his residence, is privileged from service of summons in another action there pending.

It has been held that where the defendant filed a ·demurrer to the complaint, he will be held to have entered his appearance. *Greer* v. *Newbill,* 89 Ark. 509, and *Dunbar* v. *Bell,* 90 Ark. 316.

The record shows that the attorneys for the defendant sent by mail a demurrer to the complaint to the clerk of the court at Piggott, Arkansas, and that the clerk endorsed thereon: "Filed in my office this 19th day of July, 1918. (Signed) W. E. Daniel, Clerk, by C. W. Pollard, D. C."

While the certificate of the clerk entered upon the demurrer at the time of its receipt is the best evidence of such filing, it is not conclusive evidence to that effect, and it was competent to show by parol evidence what was intended. The reason is that while it is proper for the clerk when he receives papers, to indorse thereon the date of the filing, such indorsement is not the filing

but is simply an evidence of such filing. A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file. *Bettison* v. *Budd*, 21 Ark. 578; *Eureka Stone Co.* v. *Knight*, 82 Ark. 164. See also *Peterson* v. *Taylor*, 15 Ga. 483; *Powers* v. *State*, 87 Ind. 144, and *Grubbs* v. *Corres*, 57 Mo. 83.

The record shows that upon receipt of the demurrer on the same day, the clerk wrote the attorneys of Maury A. Hogue that he had received the demurrer and was holding it until they sent a copy, as the law required it to be filed in duplicate. He, also, wrote them that they had not complied with the new salary law in regard to advance fees where no bond for costs had been filed.

On July 22, 1918, the attorneys mailed to the clerk a copy of the demurrer stating that they had not before known that it was necessary to file a copy with the original. The clerk then wrote the attorneys that they had not sent check to cover advance costs, and that he was still holding the demurrer until he heard from them. The attorneys replied that they had been informed by an Arkansas attorney that it was not necessary for them to file anything in court at that time, and they directed the clerk to return them the demurrer. It is not necessary to determine whether or not the clerk was right in making his demand and withholding the demurrer from the files of the court. The essential thing is that he did do so. The clerk's own letters show that while the demurrer was delivered to him in due course of mail, it was not received by him to be kept on file until after the attorneys had requested him to return it to them. His letters are perfectly consistent with and are explanatory of his act in marking the demurrer filed; and when the whole correspondence between the parties is considered together, it is evident that the clerk did not receive the demurrer to be kept on file.

Therefore, the appearance of the defendant was never entered to the action and the judgment will be affirmed.