CALDWELL v. DODGE.

Opinion delivered March 25, 1929.

*H. B. Stubblefield,* for appellant.

*Sam T. Poe,* for appellee.

HART, C. J., (after stating the facts). This court has uniformly held that the office of the writ of prohibition is to restrain an inferior tribunal from proceeding in a matter not within its jurisdiction, but it is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for the writ has no other adequate protection against the wrong that shall be done by such usurpation. *Macon* v. *LeCroy,* 174 Ark. 228, 295 S. W. 31.

Again, in *Merchants' & Planters' Bank* v. *Hammock,* 178 Ark. 746, 12 S. W. (2d), 421, the court held that the writ of prohibition is never granted unless the inferior court has clearly exceeded its jurisdiction and the party applying for it has no other adequate protection against the wrong that shall be done by such usurpation of authority.

In each of these cases the writ was denied because the lack of jurisdiction in the chancery court did not appear upon the face of the record. In each case the jurisdiction of the chancery court depended upon a finding of fact upon proof made relative to certain allega-

tions made in the complaint on the one hand and a denial thereof in the answer on the other.

We are of the opinion that the material facts in the present proceeding, as they appear from the face of the record, show that the chancery court has no jurisdiction over the person of the petitioner in the alimony case and could acquire none within the principles of law decided in *Order of Railway Conductors* v. *Bandy,* 178 Ark. 694, 8 S. W. (2d), 448. In that case we held that the circuit court acquired no jurisdiction of a suit on a benefit certificate issued, delivered and made payable at the office of the insurer in another State, by the attempted service of summons on the Insurance Commissioner under our statute authorizing such service, where the insurer had no property in this State and had not attempted to do business within the State. The court pointed out that, if the defendant had appealed from the order of the circuit court denying its motion to quash service of summons, this would have made it a party to the case, and, under our settled rules of practice, it would have had to follow the case throughout all subsequent proceedings. The same principle was also recognized and applied in the case of *Ferguson* v. *Martineau,* 115 Ark. 317, 171 S. W. 472, Ann. Cas. 1916E, 421, where it was held that, when the want of jurisdiction on the part of the chancery court to restrain the execution of a criminal judgment of the circuit court appears on the face of the proceedings, a writ of prohibition to quash and to restrain the enforcement of the order of the chancery court will be issued. That principle controls here, and the court is of opinion that it appears from the face of the record in this proceeding that the chancery court has no jurisdiction over the person of Guy Stanley Caldwell, Jr., the petitioner herein, in the alimony proceeding in the chancery court, and could acquire none. It does not concern us here which one of the parties deserted the other, or whether the petitioner should be required, in a proper proceeding, to support his wife

and child. The allegations of the wife in her proceeding for alimony in the Pulaski Chancery Court were that the defendant was a nonresident of the State of Arkansas and had no property in this State. She also specifically alleged that he had refused to provide his wife and child the necessaries of life, and declared that he would leave the State and never return in order to prevent the payment of alimony here or the costs of the alimony proceeding. This brings us to the question whether the chancery court obtained jurisdiction of the person of the petitioner by service of summons while he was under arrest in the municipal court of Little Rock, charged with the statutory crime of wife and child abandonment, or whether he entered his appearance to the alimony suit by executing a bail bond in order to escape a jail sentence for not complying with the temporary order for alimony made by the chancery court.

In *Stewart* v. *Ramsey*, 242 U. S. 128, 37 S. Ct. 44, it was held that a district court sitting in one State cannot acquire personal jurisdiction over a citizen and resident of another State through civil process served upon him while in attendance upon such court as plaintiff and witness, and while he is returning from the court room after testifying. The court said that the State courts, with few exceptions, have followed the rule, and among the illustrative cases cited is *Martin* v. *Bacon*, 76 Ark. 158, 88 S. W. 863, 113 Am. St. Rep. 81, 6 Ann. Cas. 61. In that case the court held that a party cannot be lawfully served with civil process while he is in attendance on a court in a State other than that of his residence, either as a party or a witness, or while going thereto or returning therefrom. It was also held that, where a nonresident was attending court in order to avoid a forfeiture of his bail bond, service on him by process in a civil suit will be quashed.

In the later case of *Hogue* v. *Hogue*, 137 Ark. 485, 208 S. W. 579, it was held that, where a suit for divorce was pending in another State, and the husband and wife came into the State of Arkansas for the purpose of tak-

ing depositions, the husband was protected from service of summons while in the State in an action by the wife against him.

Again, it is insisted that the writ should not be granted because of a question of fact presented by the proceedings before us as to whether the criminal process of the municipal court was used as a pretense. According to the allegations of the petition, the wife of the petitioner caused him to be arrested in the municipal court of Little Rock in order to detain him here and secure service on him in the alimony suit which she subsequently filed. He alleges that he gave his wife no cause to abandon him, and that she willfully left him in the State of Texas and came to Arkansas without his consent. He alleges that he came into the State of Arkansas for the purpose of seeing his wife and child and talking over their marital differences with a view to getting his wife to return to the State of Texas. On the other hand, the wife alleges that she was compelled to leave the defendant in the State of Texas because of his cruel and unbearable treatment of her, and that she came to Arkansas to live with her mother because she had no other place to go. She alleges that her husband came into the State of his own accord, and that she had nothing whatever to do with his arrest in the municipal court. We are of the opinion that this conflict as to the facts on this point has no bearing upon the issue before us.

In a case-note to 14 A. L. R. 781, it is said that the authorities are unanimous that, where the attendance is procured by an arrest caused for the sole purpose of securing jurisdiction so that the defendant may be served with civil process, the court will set aside the service. It is said that the conflict in the authorities is only as to the right of a nonresident defendant in a criminal case to immunity from service of civil process. As we have already seen, this court has held that a nonresident of the State is exempt from service of civil process while

his presence in the State is in compliance with the conditions of a bail bond. *Martin* v. *Bacon,* 76 Ark. 158, 88 S. W. 863. Other cases adopting this view may be found in a case-note to 14 A. L. R. at 775. The reason is that the exemption from the service of civil process while under arrest or to avoid the forfeiture of a bail bond is not simply a personal privilege but is a protection granted to the party or witness by the court as a matter of public policy. Under the decisions of our own court above cited the party is afforded full protection from all forms of civil process during his attendance at court and for a reasonable time in going and returning.

The record shows that service of summons in the alimony case was had upon the petitioner while he was under bond to appear in the Little Rock Municipal Court and answer the statutory charge of wife and child abandonment; and, under our decisions, it does not make any difference whether the criminal process was used as a pretense or was instituted by the proper officers of the State in good faith.

This brings us to a consideration of the question whether the chancery court acquired jurisdiction of the petitioner here in giving a bail bond in that court for his appearance. Without any valid service upon the petitioner, the court made an order of temporary alimony against him, and the sheriff of Pulaski County was ordered to take him into custody and to commit him to jail, in default of giving bond with proper security to pay said temporary alimony. This order was made on the 1st day of December, 1928, while the petitioner was still under arrest under process issued by the Little Rock Municipal Court. He executed the bond in order to secure his release, and this could in no sense be said to be a voluntary entry of appearance by him in the chancery court proceeding.

It is also alleged that the petitioner represented to the municipal court that he had voluntarily entered into bond to pay the alimony in the chancery court, and

thereby secured his release from custody. This does not make any difference. As we have already seen, the service of summons was had upon him while under arrest in the municipal court, and, under our decisions above cited, no service of summons could be had upon him in the chancery court. We assume that the wife acted in entire good faith and that the procedure in the municipal court was not a device to secure the presence of the defendant within the territorial jurisdiction of the courts of this State. In the view we take of the case, the motive of the petitioner, who was the defendant in the alimony case, or the motive of the plaintiff in the alimony suit, is of no importance. Neither do we regard the conduct of the petitioner in the municipal court as having any bearing on the issue presented here. The fact remains, as disclosed upon the face of the record, that service was had upon the petitioner in the alimony suit while he was under arrest on a statutory charge in the Little Rock Municipal Court. He was exempt from the service of process for the commencement of a civil action against him in this State, and was protected while coming and returning, provided he acted without unreasonable delay. The record shows that he acted promptly, and that any delay in the matter was not occasioned by him.

Petitioner brings himself within the rule approved in *Roberts* v. *Tatum,* 171 Ark. 148, 283 S. W. 45, to the effect that objection in the lower court to its exercise of jurisdiction is not a jurisdictional fact upon which the power to issue a writ of prohibition depends, but is discretionary and unnecessary where it would obviously be futile and would result in unnecessary or hurtful delay.

It follows from what we have said that a writ of prohibition will be awarded restraining the judge of the chancery court of Pulaski County from further proceeding in said alimony suit or from exercising any jurisdiction over the person of the petitioner in said

suit. In awarding this writ we do so without in any way impugning the motives of the judge of the chancery court. We believe that he was perfectly honest and sincere in assuming jurisdiction in the alimony suit, and considered it his duty to do so. Matters of this sort often give rise to questions of grave doubt. The result of our views, however, is that the writ of prohibition should be granted as prayed by the petitioner, and it is so ordered.