Barnes *v.* Moore.

4-9147                                    229 S. W. 2d 492

Opinion delivered May 1, 1950.

*Claude F. Cooper* and *Oscar Fendler,* for appellant.

Holt, J.  November 19, 1948, appellant, Barnes,—a Negro non-resident of Arkansas,—while being held by officers at Hayti, Missouri, on suspicion of having committed burglary and grand larceny in Blytheville, Arkansas, was delivered by the Missouri officers to the sheriff of Mississippi County, who, without a warrant for his arrest, transported him to Blytheville and placed him in jail there.  At the same time that Barnes was brought to Arkansas, another Arkansas officer brought along an automobile, the property of Barnes, and parked, or stored, it near the jail in which appellant was imprisoned.

December 8, 1948, while appellant was still in jail, appellees brought suit against him, alleging in their complaint, in effect, that on or about November 5, 1948, Barnes in company with burglars broke into appellees' store in Blytheville, carried away a safe and stole $2,300 in money, that Barnes was a nonresident, and that he damaged the safe in the amount of $500.  They prayed for a writ of attachment on any property of Barnes and for judgment for $2,800.  Proper affidavit was attached,

writ of attachment issued, which together with summons on the complaint, were served upon appellant while still in jail. Bond was also executed and the automobile belonging to Barnes taken in charge by the sheriff.

Thereafter, on January 27, 1949, while appellant was still imprisoned, judgment by default in the amount of $2,800 was taken against appellant by appellees. The judgment in part recited: "And it further appearing that a writ of attachment was issued out of this court on the 8th day of December, 1948, and that the sheriff levied on the 8th day of December, 1948, on the following property, to-wit: One 1941 Plymouth Automobile Maroon Colored, two-door sedan, Mo. license No. 862-478 for the year, 1948, of the value of $500 which personal property remains in the hands of such officer.

"It is therefore further ordered that the lien of said attachment be and is hereby foreclosed on said property and that said sheriff shall seize and sell the same, or so much thereof as may be necessary to satisfy this judgment."

May 12, 1949, during the same term of court, appellant filed motion to set aside the above default judgment primarily for the reason that appellant was at all times a nonresident of Arkansas, was brought into this State, and held here against his will, was never legally served with process, and during all of the proceedings herein, was confined in the County jail in Blytheville.

The trial court denied this motion and this appeal followed.

Appellees have not furnished us with a brief. The material facts appear to be undisputed.

For reversal, appellant says: "As a matter of policy the Arkansas Supreme Court has always held that nonresident defendants in criminal prosecutions were immune from service of civil process during the time they were within the forum in attendance at the trial of the criminal action."

The rule in this State seems well established that a non-resident party to either a civil or criminal action

must be and is afforded full protection from all forms of civil process during his attendance at court and for a reasonable time in going to and returning therefrom.

The trial court erred in denying appellant's motion to set aside the default judgment in the circumstances.

This court in the case of *Martin* v. *Bacon,* 76 Ark. 158, 88 S. W. 863, 113 Am. St. Rep. 81, 6 Ann. Cas. 336, said: "It is well settled by the great weight of authority that a party cannot be lawfully served with civil process while he is in attendance on a court in a State other than that of his residence, either as a party or a witness, or while going to and returning therefrom. *Murray* v. *Wilcox,* 122 Ia. 188, 97 N. W. 1087, 64 L. R. A. 534, 101 Am. St. Rep. 263; *Powers* v. *Arkadelphia Lumber Company,* 61 Ark. 504, 33 S. W. 842, 42 Cent. Law J. 397, and note; note to *Mullen* v. *Sanborn,* 79 Md. 364, 29 Atl. 522, 25 L. R. A. 721, 47 Am. St. Rep. 421. In this State a party, in civil actions and criminal prosecutions, can testify as a witness, and may be exempt from service of civil process in both capacities. * * *

"Judge Trent, in *Small* v. *Montgomery* (C. C.), 23 Fed. 707, said: 'All the United States circuit judges who have passed upon the question of late, as well as dicta by the Supreme Court of the United States in respect thereto, reach this result, viz: that where a party in good faith is brought within the jurisdiction of the State, or detained therein, being a nonresident, either as party to the suit, or as witness in another suit, he is not subject to service,' " and in *Caldwell* v. *Dodge,* 179 Ark. 235, 15 S. W. 2d 318, this court reaffirmed the above holding. We there said:

"It is said that the conflict in the authorities is only as to the right of a nonresident defendant in a criminal case to immunity from service of civil process. As we have already seen, this court has held that a nonresident of the State is exempt from service of civil process while his presence in the State is in compliance with the conditions of a bail bond. *Martin* v. *Bacon,* 76 Ark. 158, 88 S. W. 863, 113 Am. St. Rep. 81, 6 Ann. Cas. 336. Other cases adopting this view may be found in a case-note to

14 A. L. R. at 775. The reason is that the exemption from the service of civil process while under arrest or to avoid the forfeiture of a bail bond is not simply a personal privilege but is a protection granted to the party or witness by the court as a matter of public policy. Under the decisions of our own court above cited the party is afforded full protection from all forms of civil process during his attendance at court and for a reasonable time in going and returning."

The text writer in 42 Am. Jur., page 131, section 152, under the topic, "Nonresident Defendant in Criminal Cases," says: "Many well-reasoned decisions take the position that the rule exempting parties and witnesses in a civil case from the service of civil process is equally applicable to a nonresident who comes into a state and submits himself to the jurisdiction of a state court in answer to an indictment or information instituted in good faith charging him with a criminal offense," and in support of the text, the above case of *Martin* v. *Bacon* is cited.

Accordingly, the judgment is reversed and the cause is remanded with directions to proceed in a manner consistent with this opinion.