WHITTON *v.* ARNOLD.

4-9898                                        253 S. W. 2d 364

Opinion delivered November 17, 1952.

*G. W. Lookadoo,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

ROBINSON, J. The plaintiff has appealed from an order of the circuit court quashing service of summons on defendant in a civil case.

Appellant alleged that on January 5th she had sustained injuries in an automobile collision caused by the negligence of the defendant, M. F. Arnold. Mrs. Whitton is represented by G. W. Lookadoo, who is a practicing attorney of Clark County and also prosecuting attorney of the judicial district in which that county is situated.

Soon after the collision occurred, while Arnold was still in Arkadelphia, the county seat of Clark County, a state patrolman served him with a summons to appear in the Municipal Court of Arkadelphia on the 10th day of January. The summons stated that Arnold had violated the motor vehicle regulations by having no tail light on his car and in driving on the wrong side of the road. Arnold, a soldier, proceeded to Hot Springs in Garland County and later returned to Arkadelphia, where he employed Travis Mathis, an attorney, to represent him in the matter. Subsequent to filing the suit for Mrs. Whitton, Lookadoo and Mathis went to Hot Springs and had a talk with Arnold, at which time he was advised that no charges were pending against him in Clark County and that none would be filed unless Mrs. Whitton died. In fact, no charges were ever filed against Arnold; but he was advised by the prosecuting attorney not to leave the state for five days.

No session of Municipal Court was held in Arkadelphia on January 10th; but Arnold went there on the 11th on the advice of his lawyer. The evidence is conflicting as to whether Arnold went to Arkadelphia because of the summons which had been served on him by the state patrolman or for some other reason. Assuming that Arnold was in Clark County by reason of having been told by the prosecuting attorney not to leave the state for five days, or by reason of having been served with a summons, the fact remains that when he arrived in Arkadelphia on January 11th, he spoke on the phone with his attorney and was advised that he did not have

to appear in Municipal Court. He knew that suit had been filed against him in Clark County; and on advice of his counsel, he voluntarily went to the sheriff's office to be served with summons. No summons was in the hands of the sheriff; and Arnold waited until plaintiff's attorney brought the summons to the sheriff's office where it was served.

We do not think Arnold can now successfully contend that summons should be quashed. He waived his right of immunity. There is a distinction between the case at bar and such cases as *Martin* v. *Bacon,* 76 Ark. 158, 88 S. W. 863, where this court said: "It is well settled by the great weight of authority that a party cannot be lawfully served with civil process while he is in attendance on a court in a State other than that of his residence, either as a party or a witness, or while going to and returning therefrom." This ruling has been adhered to in *Caldwell* v. *Dodge,* 179 Ark. 235, 15 S. W. 2d 318, and *Barnes* v. *Moore,* 217 Ark. 241, 229 S. W. 2d 492. But here we do not have a case where advantage was taken of the defendant's presence in the county in answer to a summons in a criminal case to serve him with process in a civil case. We have a situation where, subsequent to the time defendant learned that no criminal charge was pending against him, he voluntarily presented himself at the sheriff's office to be served with a summons in a civil case. The sheriff did not even have the summons; and for the very purpose of permitting the service the defendant waited until the summons was brought to the sheriff's office. Defendant was immune to service of process while he was in the county in response to summons in a criminal case; but this right of immunity could be waived. *McCullough* v. *McCullough,* 168 N. W. 929, 14 A. L. R. 783, Note.

Defendant's wife and child were injured in the accident, and upon leaving Arkadelphia, he carried them to a United States government hospital in Hot Springs, Garland County. There plaintiff's attorney talked with defendant and his attorney a day or two after suit was

filed. Defendant could have been served with the summons at that time; but such action was deferred because it was understood that he would return to Clark County and be served there. If the defendant, while acting on the advice of counsel, did not waive his immunity from being legally served with summons in a civil case by voluntarily going to the sheriff's office to be served, and by waiting until such summons was brought to the sheriff's office by plaintiff's attorney, then it would be impossible for a defendant to waive his immunity. The right of immunity from civil process, as any other known right, may be waived. Such immunity is waived by failure to file a motion to quash. 42 Am. Jur. 135; *First Nat. Bank* v. *Bank of Horatio,* 161 Ark. 259, 255 S. W. 881; *J. C. Engleman, Inc.* v. *Briscoe,* 172 Ark. 1088, 291 S. W. 795; *Chicago Mill & Lumber Co.* v. *Lamb,* 174 Ark. 258, 295 S. W. 27. It can also be waived by voluntarily accepting service, especially when such service is accepted on advice of counsel, as in the present case.

The cause is reversed with directions to overrule the motion to quash.

Ed. F. McFaddin, Justice (concurring). In order to obtain a reversal of the Trial Court's ruling in sustaining the questioned service, it is necessary for the appellant to demonstrate that there is no substantial evidence in the record to support the factual finding of the Trial Court. 5 C. J. S. 562; *Metcalf* v. *Jelks,* 177 Ark. 1023, 8 S. W. 2d 462; *Mosley* v. *Mohawk Lumber Co.,* 122 Ark. 227, 183 S. W. 187. The uncontradicted testimony is that Arnold agreed in Hot Springs to accept service of summons in Arkadelphia if Whitton's attorney would not serve Arnold in Hot Springs. Whitton's attorney testified:

"At that time I carried a summons made out to the Sheriff of Garland County to be served on him and I talked with him, and as Mr. Mathis said, he was upset and I didn't care to bother him with it over there, and I told him I had the summons for the sheriff over there to serve on him, and he made a date with Mr. Mathis to come back either the next day or the following day or whenever the

service was obtained, and I told him that if he was coming over there, I would have the sheriff over here to serve it on him then, and when he got over here, I had forgotten to have it served by the sheriff, and Mr. Arnold was kind enough to go by the sheriff's office and I had to bring it down to the sheriff's office and get them to serve it on him.''

When Arnold was asked about this by Whitton's attorney, the following occurred:

''Q. Do you recall that I mentioned to you that I had a summons to be served on you to be delivered to the sheriff there in Garland County and if you were coming over the next day I wouldn't go by the sheriff's office that day but would wait until you came over here and it would be served on you the next day? A. I don't recall. I don't say you didn't. It is possible you might have said it but I don't recall it.''

Thus we have uncontradicted testimony to the fact that Arnold voluntarily agreed to go from Garland County to Clark County to be served with summons, if Whitton's attorney would forego serving Arnold in Garland County. The establishment of such fact made the service valid in Clark County without any reference to the 'matter of immunity.

Therefore, because of the said agreement, I concur in the result reached by the majority.