(25 Misc. Rep. 48.)

## In re NORTON.

(Supreme Court, Special Term, Kings County. October, 1898.)

ELECTIONS—CERTIFICATE OF NOMINATION.

     Leaving a certificate of nomination with the deputy clerk at his home does not satisfy Election Law, § 58, requiring it to be filed with the clerk; it must be delivered to him in his office.

This was an application by James Norton for a peremptory writ of mandamus to compel the county clerk of Queens county to receive and file as of October 14, 1898, the certificate of nomination of the petitioner by the Democratic party as candidate for senator in the Second district. Denied.

H. A. Montfort, for petitioner.

F. H. Van Vechten, opposed.

GAYNOR, J. By section 59 of the Election Law the last day for the petitioner to file his certificate of nomination was October 14th. Section 58 says (to use its exact words) that it "shall be filed with the clerk of such county," i. e., Queens county. The petitioner offered it to the deputy county clerk at his residence at about 11 o'clock on the night of October 14th, but he declined to receive it on the stated ground that the office of the county clerk was closed, and that he could not receive it at his house. It is contended that as the statute did not in so many words require the certificate to be filed in the office of the clerk, but only "with the clerk," a delivery of it to the clerk anywhere on October 14th would be a filing of it with the clerk under the statute. By section 165 of the County Law the prescribed hours for the county clerk's office to be open were from 8 o'clock in the forenoon to 5 o'clock in the afternoon. Under the liberal construction which is given to the Election Law, in aid of the franchise, I was inclined upon the argument to think that the words of the statute, "shall be filed with the clerk" of the county, might be construed to mean that the certificate might be delivered to the clerk anywhere. But the difficulty in the way of this interpretation is the word "file." In order to be "filed" with the clerk, a paper must be delivered to him in his office, where the law requires him to keep his books and files, and to receive and file papers. That this is the rule, whether the words of the statute in respect of filing be "in the office of the clerk," or "with the clerk," is beyond doubt (Hathaway v. Howell, 54 N. Y. 97), and to hold otherwise under the Election Law would only unsettle a thing well understood, and open the door to looseness. It does not seem that any one could think of "filing" a paper on the street, for instance.

The motion is denied.