(October 3, 1908.)

ERNEST C. GRANT, Plaintiff, v. ROBERT LANSDON, as Secretary of State of the State of Idaho, Defendant.

[97 Pac. 960.]

WRIT OF MANDATE—SECRETARY OF STATE—FILING CERTIFICATE OF NOMINATIONS MADE BY A POLITICAL PARTY—PRESENTMENT OF CERTIFICATE FOR FILING—OFFICE HOURS.

1. Under the provisions of sec. 452, Rev. Stat., the secretary of state is required to keep his office open for the transaction of public business from 10 o'clock A. M. until 4 o'clock P. M. each day, except upon holidays.

2. Under the provisions of sec. 22 of an act providing for the holding of general and special elections (Sess. Laws 1899, p. 33), it is provided that certificates of nomination to a public office to be filed with the secretary of state shall be filed not more than sixty days and not less than thirty-five days before the day fixed by law for the election. As the general election occurs on November 3, 1908, a certificate filed on the 28th day of September would have been filed in time.

3. When the secretary of state keeps his office open after 4 o'clock P. M., and a certificate of nomination is presented to him for filing and certifying thirty-five days before the day fixed by law for the election, it is his duty to file the same, and he cannot legally refuse to do so on the ground that the law does not require him to keep his office open after 4 o'clock P. M.

4. Under said section of the statute, the secretary of state is not required to keep his office open after 4 o'clock of each business day, but if he does keep his office open after that time and is transacting the business of the public there, it is his duty to receive such business as is presented to him.

(Syllabus by the court.)

An original application to this court for a writ of mandate to compel the secretary of state to file and certify a certificate of nomination for public offices. After a hearing, a peremptory writ was issued.

Perky & MacLane, for Plaintiff.

If the 28th was the last day for filing the certificate of the Independence party, such party had the whole of that day

to file the same. The statute gave it that right, and the secretary could not deny it if they exercised it in a reasonable manner. His office being actually open and the clerks working therein, the Independence party representative was making a reasonable exercise of his rights and the certificate should have been received. (*In re Norton,* 34 N. Y. App. Div. 79, 53 N. Y. Supp. 1093, reversing 53 N. Y. Supp. 924.)

J. J. Guheen, Attorney General, J. H. Peterson and B. S. Crow for Defendant, cite no authorities on points decided.

SULLIVAN, J.—This is an application for a writ of mandate to compel the secretary of state to file and certify to the several county auditors, the certificate of nominations made by the Independence party in a political convention assembled on September 23, 1908, at Troy, Latah county. The fact of holding the convention and nominating certain officers, and the tender of the certificate of such nominations to the secretary of state for filing and certification, are alleged in the petition and not denied by the answer.

On this application, an alternative writ of mandate was issued to the secretary of state requiring him to answer. The answer filed virtually admits the material allegations of the application, and admits that said certificate was offered for filing at 4:30 o'clock P. M., on September 28, 1908, at the office of the secretary of state, and the following indorsement made by the secretary of state thereon:

"Ticket was offered at 4:30 P. M., after office hours, on September 28, 1908. Ticket was not presented before legal time for filing had expired and same was refused for filing.

(Signed) "ROBERT LANSDON,

"Secretary of State."

It is contended by the counsel for the defendant that as said certificate was not presented for filing before 4 o'clock, P. M., of said day, it was not presented in time. This contention is based on sec. 452, Rev. Stat., which is as follows:

"Unless otherwise provided by law, every officer must keep his office open for the transaction of business from 10 o'clock A. M., until 4 o'clock P. M., each day, except upon holidays."

It will be observed, under the provisions of said section, the secretary of state is required to keep his office open for the transaction of business from 10 o'clock A. M. until 4 o'clock P. M., of every day except holidays, but we have no statute prohibiting the secretary of state from transacting the business of his office prior to 10 o'clock A. M. and subsequent to 4 o'clock P. M. of each day except holidays. Had the secretary of state filed said certificate of nominations at 4:30 P. M. on the 28th day of September, when it was presented, he could have legally done so, as he is required to file certificates of nominations that are regularly presented, not more than sixty days and not less than thirty-five days before the day fixed by law for the election. As the general election occurs in 1908, on the 3d day of November, a certificate filed on the 28th day of September would have been filed in time. Laws 1899, sec. 22, p. 33, provides as follows:

"Certificates of nomination to be filed with the secretary of state shall be filed not more than sixty days and not less than thirty-five days before the day fixed by law for the election of the persons in nomination. . . . ."

It is admitted by the answer that said certificate of nomination was presented at the defendant's office, the office being open, at 4:30 o'clock P. M., on September 28, 1908; that said certificate was there handed to an assistant in said office for filing and certifying (the secretary of state being absent), and thereupon said assistant refused to file the same for the reason that the same had been presented for filing after office hours on said day. It is further admitted that said office was open, and that the assistants in said office were attending to some of the duties of the office. However, it is averred that the files of said office were closed, and that the secretary of state himself had departed from said office and had instructed his assistants to receive no papers for filing in said office after 4 o'clock. It is further averred that it is the custom and practice in said office to receive no new business after 4 o'clock P. M. of any business day, and that the receipt and filing of said certificate of nomination was refused for that reason.

While under the section of the statute above quoted, the secretary of state is not required by law to keep his office open after 4 o'clock of each business day, if he does keep it open after that time and is transacting business there, it is his duty to receive such business as is presented to him. His office was open, the person presenting the certificate for filing was admitted into the office, and it was tendered to one of the assistants in said office for filing. That being true, the certificate should have been received and filed. So long as the secretary of state's office was open and public business was being transacted therein, it was not for the secretary to say just what particular public business he would transact. It was his duty to transact all public business coming into said office until such office was closed for public business.

The certificate of nomination was again presented to the secretary of state for filing on September 29, 1908, that being the first day of the thirty-five day period prior to the day of election, and he refused to file the same on the ground that it had not been offered for filing thirty-five days before the day of election. This question has been discussed at some length by counsel for the respective parties. Owing to the conclusion reached, it is not necessary for us to decide that question, and we shall not do so.

The peremptory writ of mandate will therefore issue as prayed for, directing the defendant, as secretary of state, to file said ticket as of the date of September 28, 1908, and to certify the same to the several county auditors of the state in order that they may place it upon the official ballots for the coming general election to be held on November 3, 1908.

Ailshie, C. J., and Stewart, J., concur.