CHARLES I. COOK ET AL., *Plaintiffs in Error*, v. J. I. CASE PLOW WORKS COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed April 27, 1923.

Petition for rehearing denied June 13, 1923.

1. The liability of stockholders of a corporation for corporation debts resulting from the transaction of business before the corporation has filed with the Secretary of State and with the clerk of the circuit court of the county wherein the principal place of business of the corporation is located, duplicate affidavits by its treasurer that ten per cent. of its capital stock has been subscribed and paid, as required by section 4054, Revised General Statutes, is not penal but is contractual in its nature.

2. The statute, section 4054, Revised General Statutes, does not prescribe a penalty or forfeiture for failure to perform duties, but imposes or continues a contractual obligation on stockholders which may be enforced by creditors of the corporation against the stockholders where the letters patent or affidavits of the treasurer that ten per cent. of its capital stock has been subscribed and paid are not filed as required.

3. Filing duplicate affidavits by the treasurer of a corporation that ten per cent. of its capital stock has been subscribed and paid, as required by section 4054, Revised General Statutes, before it shall transact any business, is not complete until the affidavits are delivered and received by the Secretary of State and the clerk of the circuit court respectively.

4. The word "file" means to deliver to the office indicated and not to send to such office through the mail. A paper is filed when it is delivered to the proper official and received by him to be kept in his official capacity.

A Writ of Error to the Circuit Court for Polk County; John S. Edwards, Judge.

Affirmed.

*John T. G. Crawford,* for Plaintiffs in Error;

*Wilson & Swearingen,* for Defendant in Error;

*Reynolds & Rogers* and *Winder Surrency,* as Amici Curiae.

WEST, J.—This is an action by the payee to recover the amount of certain notes given by individual defendants as officers of a corporation. The defendants are sued as individuals and as partners. The theory of the action is that the notes sued on having been given before the corporation had filed with the Secretary of State and with the clerk of the circuit court of the county in which its principal place of business is located duplicate affidavits by its treasurer that ten per cent. of its capital stock had been subscribed and paid, the stockholders were personally liable as partners. The statute imposing this liability is section 4054, Revised General Statutes. For convenient reference it is reproduced here.

"Corporation not to transact business until certain requisites complied with:—No corporation shall transact any business until it has had the letters patent with a certified copy of the charter recorded in the office of the clerk of the circuit court of the county wherein the principal place of business is located, and has also filed with the Secretary of State and with the said clerk (except in the case of building and loan associations) duplicate affidavits by its treasurer that ten per cent. of its capital stock has been subscribed and paid. If any corporation shall transact any business before complying with these requirements, or if any corporation chartered by a special act of the legislature shall transact any business before filing said duplicate affidavits and paying the charter fees required by law to the Secretary of State for the State treasury, its stockholders, or in the latter case its incorporators and stockholders, shall be personally liable for all the corporation debts as if they were members of a general partnership and not stockholders of a corporation." §4054, Rev. Gen. Stats.

Subsequently, by Chapter 8460, Acts 1921, this statute was amended so that liability as partners for failure to comply with the statute in this respect was imposed upon the officers and directors only and not upon stockholders of the corporation.

Default judgments were entered against all the defendants except one, who contested the action. This defendant was not one of the original incorporators but became a stockholder prior to the date upon which the notes sued on were made. The notes were made on October 29, 1920. This defendant disposed of his stock and it was transferred on the books of the corporation December 15, 1920. The suit was filed in the circuit court of Polk County April

9, 1921. The judgment was for plaintiff, to review which writ of error was taken from this court.

In the brief on behalf of plaintiff in error it is said that "the sole question to be determined is whether the liability of stockholders in domestic corporations is, under the statute referred to, penal in its nature." That it is not penal but contractual is so firmly established in this jurisdiction as that a review of the authorities would seem to be unnecessary. It is made so by statute. The liability is the same as it would be "if they were members of a general partnership." Flash v. Conn, 109 U. S. 371; Flash, Lewis & Co. v. Conn, 16 Fla. 428; Heinberg Bros. v. Thompson, 47 Fla. 163, 37 South. Rep. 71; Winfield Packing Co. v. Truitt, 71 Fla. 38, 70 South. Rep. 775.

In Winfield Packing Co. v. Truitt, supra, the court said: "Now the statute forbids a corporation to transact any business until the conditions named therein are complied with, and although the failure to comply with the conditions, which are precedent to the corporation's lawful right to transact any business, does not destroy the corporate existence, the liability of the incorporators and stockholders is that of a general partnership for all the corporation's debts. The statute is neither remedial nor penal, but simply continues the contractual obligations of persons who, acting through their agents, the officers of a corporation not yet authorized to transact business, were liable on their contracts as if they had not intended to do business under the Charter."

In Heinberg Bros. v. Thompson, supra, on this point the court said: "The statute does not prescribe a penalty or forfeiture for failure to perform duties, but imposes or continues a contract obligation · upon stockholders (Flash v. Conn, 16 Fla. 429; Flash v. Conn, 109 U. S. 371; 3 Sup.

Ct. Rep. 263), which may be enforced. by creditors of the corporation against the stockholders where the letters patent or affidavits are not filed as required.''

From the first to the last of the cases this court has consistently held the obligation of stockholders under this statute to be contractual. There is sufficient basis in the issues presented in the cases for the holding, and expressions in the various opinions to that effect cannot be said to be *obiter dictum* and not binding authority. The point, therefore, may be regarded as settled in this jurisdiction, and the modification of the statute subsequent to the transaction involved in this litigation and after the obligation had been incurred had no effect upon the liability of the defendants thereon.

By a plea which was held bad on demurrer it· was averred that an affidavit of the treasurer of the corporation that ten per cent. of the capital stock had been subscribed and paid in, required to be filed in the office of the clerk of the circuit court and of the Secretary of State was made and a copy of it mailed by the attorney. for the corporation to the Secretary of State prior to the time when the notes were made. It is contended that this is a substantial compliance with the provisions of the statute and sufficient to relieve incorporators and stockholders· of liability under it. This contention overlooks the statutory requirement that the affidavit shall be ''filed'' with the Secretary of State and the clerk of the circuit court. ·In United States v. Lombardo, 228 Fed. 980, the court, in considering a similar statutory requirement. where a like defense was made, said: ''This contention cannot be· reconciled with the language employed in the act. ·The word 'file' was not· defined by Congress. No definition having been given, the etymology of the word. must be

considered, and ordinary meaning applied. The word 'file' is derived from the Latin word 'filum,' and relates to the ancient practice of placing papers on a thread or wire for safe-keeping and ready reference. Filing, it must be observed, is not complete until the document is delivered and received. 'Shall file' means to deliver to the office, and not send through the United States mail. Gates v. State, 128 N. Y. 221, 28 N. E. 373. A paper is filed when it is delivered to the proper official and by him received and filed. Bouvier, Law Dictionary; Hoyt v. Stark, 134 Cal. 178, 66 Pac. 223, 86 Am. St. Rep. 246; Westcott v. Eccles, 3 Utah 258, 2 Pac. 525; In re. Von Borcke (D. C.) 94 Fed. 352; Mutual Life Ins. Co. v. Phinney, 76 Fed. 618; 22 C. C. A. 425. Anything short of delivery would leave the filing a disputable fact, and that would not be consistent with the spirit of the act." On review in the supreme court this language was approved and the judgment affirmed on this point. United States v. Lombardo, 241 U. S. 73. See also Com'rs Franklin Co. v. State ex rel. Patton, 24 Fla. 55, 3 South. Rep. 471. So this position is untenable.

The judgment is affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.

WHITFIELD, J., concurring.

The privilege of forming corporations and of doing business as such are not matters of right, but of grant from the State; and the grants of privileges or franchises both to exist as a corporate entity and to operate as such, may be made subject to any conditions the State lawfully im-

poses, the existence and operation of the corporate enti-
ties and of their rights and liabilities as well as the rights
and liabilities of their members and officers, being also sub-
ject to lawful governmental regulation. And within the
limitations of the police power, the State may prescribe
regulations of the contract rights and liabilities of the
members of voluntary partnerships. As a necessary conse-
quence, the State may prescribe regulations of the rights
and liabilities of the members or stockholders of corpora-
tions, and may make a granted limitation of their con-
tractual liability depend upon compliance by the officers
of the corporation with requirements designed to pro-
tect creditors of the corporation of which the stockholders
become voluntary members for their own benefit.

In this State the statutes prescribe the means by which
persons may form corporations and also prescribe the con-
ditions on which created corporate entities may do busi-
ness, a compliance with the conditions made a prerequisite
to doing business having the effect through the statute of
limiting the liability of the members for the debts of the
corporation, and, under the statute, a failure to comply
with such statutory conditions in effect makes operation
under the corporate charter a mere partnership under-
taking with resultant partnership liability of its members
for the debts of the corporation. The liability in either
case is contractual resulting from voluntary membership.
In some States the liability of stockholders as partners may
be affected by waiver or estoppel, there being no controll-
ing statute. See Inter-Ocean Newspaper Co. v. Robertson,
296 Ill. 92, 129 N. E. Rep. 523; 1 Cook on Corp. §233 and
notes. In this State there is a mandatory statute prescrib-
ing the liability of stockholders, and to permit the ordi-
nary rules of waiver and estoppel to relieve the members
or stockholders of the corporation from full partnership

liability where that is imposed by the statute. would nullify the particular express requirement of the statute and make unconditional a franchise right that is expressly granted on conditions.   Charles v. Young, 74 Fla. 298, 76 South. Rep. 869.  See Whitfield v. Aetna Life Ins. Co. of Hartford, 205 U. S. 489, 27 Sup. Ct. Rep. 578.  The doctrines of estoppel and of waiver do not apply in transactions that are forbidden by statute or that are contrary to public policy.  See Montsdoca v. Highlands Bank & Trust Co., decided this term.

When the conditions that are expressly made a prerequisite to the transaction of business by a corporation are not complied with, the liability of the stockholders is not thereby made penal in its nature, but the liability remains contractual by virtue of the voluntary membership, though the liability is not limited as it would be under the statute, had the conditions of the grant of authority to do business through the medium of the created corporation been complied with.  Where a corporation is duly formed, but the statutory conditions on which it may do business *as a corporation* have not been complied with, the corporation may remain existent; but under the statute prior to the amendment of 1921, any business done by or in the name of the corporate entity, renders its members or stockholders liable for debts incurred by or for the corporation as though the stockholders were doing business as a partnership.  There is no penalty imposed by the statute on stockholders for a failure of the officers of a corporation to comply with the conditions that are expressly made a prerequisite to doing business by the corporation, but no exemption from full liability as partners is granted by the statute to the stockholders unless the prerequisite conditions are complied with before business is done by or in the name of the corporation.  The statute

merely grants a limitation of liability to the stockholders on condition that certain things be done to show good faith in forming the corporation and to provide a present available fund for the payment of creditors of the corporation. When business is done by or in the name of a corporation where the conditions on which the corporation may do business have not been complied with, the stockholders of the corporation are by the terms of the statute ''personally liable for all the corporation debts as if they were members of a general partnership and not stockholders of a corporation.'' This being the nature and extent of the liability of the stockholders, the parties and proceedings in actions against the stockholders brought by creditors of the corporation, should conform to the procedure that is appropriate in actions against partners for the debts of a partnerships. See Mechanics & Metals Nat. Bank of City of New York v. Angel, 79 Fla. 761, 85 South. Rep. 675.

On Petition for Rehearing.

PER CURIAM.—Where, because of the failure of a corporation to duly file ''duplicate affidavits by its treasurer that ten per cent. of its capital stock has been subscribed and paid'' before transacting any business, the stockholders, under Section 4054 Revised General Statutes, ''shall be personally liable for all of the corporation debts as if they were members of a general partnership and not stockholders of a corporation,'' a transfer of the stock of the corporation does not; under section 4059 Revised General Statutes, make the purchaser of the stock ''succeed to all the rights and liabilities of the prior holder,'' as to debts incurred by the corporation before the duplicate affidavits required by the statutes are duly filed, since under such circumstances the liabilities of the stockholders, under

section 4054, are those of the members of a general partnership and stock stockholders of a corporation. Section 4059 contemplates a transfer of stock of a corporation having the right to do business as a corporation.

Rehearing denied.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE AND WEST, J. J., concur.

TERRELL, J., not participating.