WILSON & Co., Plaintiff, *v.* BANQUE FRANCAISE DU MEXIQUE, Defendant.

Supreme Court, New York Special Term, June 11, 1923.

Process — service by publication — motion to vacate service of order by publication on ground papers on which said order was made were not filed on or before day of first publication pursuant to Rules of Civil Practice, rule 52 — order delivered to Special Term clerk for signature of justice on assumption it would be filed with county clerk — Special Term clerk not required to file judge's order with county clerk — court without power to order filing of papers nunc pro tunc to cure such jurisdictional defect.

Defendant's motion to vacate the service of an order by publication should be granted, where it appears that the order was delivered by plaintiff's attorneys to a Special Term clerk for the signature of the justice sitting in his court, with the assumption that the said order and papers would be filed with the county clerk and that they remained in said Special Term clerk's office for more than a month before they were filed with the county clerk, since, under such circumstances, it cannot be said that there has been a compliance with rule 52 of the Rules of Civil Practice requiring the order of publication, the summons, complaint and the papers, on which said order was made, to be filed on or before the day of the first publication of the summons. It was not the duty of the clerk in Special Term to file the order, when signed, in the county clerk's office, and consequently the mere delivery of such an order to the clerk to obtain the signature of a judge does not constitute a filing, even though the plaintiff's attorneys may have left it with the clerk with the intention that he should so file it.

Nor should the said order now be filed *nunc pro tunc*, since the filing of orders and papers is a condition precedent to jurisdiction by the court and the court cannot make an order *nunc pro tunc* to cure such a jurisdictional defect.

MOTION by defendant to vacate service of an order of publication.

*Fisher & Deimel* [*David T. Smith* of counsel], for the plaintiff.

*Stewart & Shearer*, appearing specially [*M'Cready Sykes* of counsel], for the defendant.

LEHMAN, J.:

The defendant, appearing specially, has moved to vacate service of an order of publication on the ground that neither the order of publication nor the summons, complaint and the papers on which the order was made was filed before the day of first publication of the summons, as required by rule 52 of the Rules of Civil Practice. It is undisputed that the attorneys for the plaintiff left a proposed order for publication with a clerk at Special Term, Part II, for signature by the justice sitting at that part, with the intention that the order and other papers should be filed by said clerk, and believed that they would be so filed. Apparently the order was signed, but it remained, together with the affidavits, with the clerk of Special Term, Part II, until the 17th day of February, 1923, when the plaintiff's attorneys received a postal card, sent by that clerk, informing them that they should call for the papers. Thereupon plaintiff's attorneys sent for the papers and filed them with the county clerk. The defendant now claims that, since the papers at all times, from the signing of said order to the time and date of filing the order, remained in the custody of the county clerk, or one of his deputies, they were in theory of law filed since the time they were signed.

It is true that the county clerk of the county of New York is also clerk of the Supreme Court, and that when papers are delivered for filing to a deputy or employee or assistant of the county clerk, whose duty it is to file such papers, the delivery of the papers constitutes a filing, even though the clerk, in disregard of his duty, fails to place the papers in the proper place, and in the case of *Fink* v. *Wallach* (109 App. Div. 718) the court held that a delivery of an order of publication, with the papers upon which it is based, for filing with the clerk at Special Term, Part II, constitutes a filing within the meaning of the statute or rule. An examination of the opinion of that case shows, however, that it is based upon a finding that orders of publication were at that time taken in charge by the clerk of Special Term, Part II, and were not taken down to the county clerk's files by him or his assistants in the regular course of their work. It was the duty of the clerk at that time to file all such papers, and a party cannot be held responsible for the failure of a public officer to perform his duty.

In the present case, however, it appears that it is no longer the custom or practice to treat orders of publication as court orders, and none of the assistant clerks or attendants in Special Term, Part II, has or had, in December, 1922, any duty or authority to file judges' orders with the county clerk, and the order was not delivered to the clerk for filing, but was delivered for signature

Surrogate's Court, New York County, January, 1925.        [Vol. 124

of the judge, and the attorney apparently merely assumed that, after it was signed, it would also be filed. If it was not the duty of a clerk in Special Term, Part II, to file the order when signed in the county clerk's office, then there is no ground for a holding that the mere delivery of such an order to a clerk to obtain signature of the judge can constitute a filing, even though the attorney may have left it with the clerk with the intention that the clerk should so file it. I can find no warrant in the law for holding that it was the duty of such clerk to file a judge's order, or that he had authority to do so, for it affirmatively appears that such was not the custom or rule prevailing, and in my opinion the county clerk or clerk of the Supreme Court may make such rules or establish such customs as are reasonable in regard to which particular assistants shall have the duty or authority to accept papers for filing.

It is further urged by the plaintiff that, even though the papers were not filed in accordance with rule 52, the court should order that they be filed now *nunc pro tunc;* but I can find no authority for such a procedure, and in the case of *Fink* v. *Wallach (supra)* the court expressly stated that filing of the order and papers was a condition precedent to jurisdiction by the court and that the court cannot make an order *nunc pro tunc* to cure such jurisdictional defect.

It follows that the motion to vacate is granted.