(No. 4930.   October 22, 1927.)

In the Matter of the Estate of P. E. DUNN, Deceased. MABEL DUNN NEVATT, the Heir, Appellant, v. F. M. KERBY, Administrator, Respondent.

[260 Pac. 432.]

APPEAL AND ERROR — NOTICE OF APPEAL — UNSEASONABLE FILING, EFFECT.

Notice of appeal is not filed within 90 days after entry of judgment as required by C. S., secs. 7152, 7153, so that appeal will be dismissed, the notice having been mailed on the last day for filing and merely reaching the postoffice and being placed in the postoffice box of the clerk of court after his office hours, and being actually filed in his office the next day, though the "filing" of a document is generally understood to consist in placing it in the proper official custody by the party charged with the duty of filing it and the receiving of it by the officer to be kept on file.

APPEAL from the District Court of the Seventh Judicial District, for Valley County. Hon. Ed. L. Bryan, Judge.

Motion to dismiss appeal. *Appeal dismissed.*

R. B. Ayers and T. A. Walters, for Respondent.

Unless the notice of appeal is filed and served within ninety days of the entry of the judgment, this court is without jurisdiction to hear the appeal, and has no power to extend the time or cure the defect. (*Dragon v. Trimburger*, 42 Ida. 132, 243 Pac. 824; *Kimzey v. Highland Livestock & Land Co.*, 37 Ida. 9, 214 Pac. 750; *Wallace v. McKenna*, 37 Ida. 579, 217 Pac. 982; *Continental & Commercial Trust & Sav. Bank v. Werner*, 36 Ida. 601, 215 Pac. 458; *Glenn v. Aultman & Taylor M. Co.*, 30 Ida. 719, 167 Pac. 1163; *Mills v. Board of Co. Commrs.*, 35 Ida. 47, 204 Pac.

Publisher's Note.
See Appeal and Error, 3 C. J., sec. 1336, p. 1232, n. 98.

876; *Chapman v. Boehm*, 27 Ida. 150, 147 Pac. 289; *Moe v. Harger*, 10 Ida. 194, 77 Pac. 645; *County Bank v. Jack*, 148 Cal. 437, 113 Am. St. 285, 83 Pac. 705.)

An extension of time in which to file notice of appeal because of accidental omission to file, in time cannot be allowed. Neither does a *nunc pro tunc* order cure the defect or give the appellate court jurisdiction. (*Yturbide v. United States*, 22 How. (U. S.) 290, 16 L. ed. 342; *Lindauer v. Pease*, 192 Ill. 456, 61 N. E. 454; *Savings & Trust Co. v. Bear Valley Irr. Co.*, 89 Fed. 32.)

Oppenheim & Lampert and E. O. Smith, for Appellant.

An appeal is taken from a final judgment in a case or special proceeding by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same within 90 days after the entry of such judgment. (C. S., secs. 7152 and 7153.)

A notice of appeal is filed when the same is received by and is in the actual custody of the proper clerk of the court. (*Pendrey v. Brennan*, 31 Ida. 54, 169 Pac. 174; *O'Connor v. Board of Commrs.*, 17 Ida. 346, 105 Pac. 560.)

"The most accurate definition of filing a paper is that it is its delivery to the proper officer, to be kept on file." (*Meridian National Bank v. Hoyt & Bros. Co.*, 74 Miss. 221, 60 Am. St. 504, 21 So. 12, 36 L. R. A. 796; 25 C. J., 1124, sec. 4, and notes thereunder.)

BUDGE, J.—Respondent filed a motion to dismiss appellant's appeal herein, upon the ground that the notice of appeal was not filed within 90 days after the entry of judgment, as required by C. S., secs. 7152, 7153.

Judgment was entered July 15, 1926, and the notice of appeal was mailed to the clerk of the district court and by him received after the closing of his office, and after office hours, on October 13, 1926 (the last day within which the appeal might be taken), and was actually filed in the office of the clerk on the morning of October 14, 1926. In an affi-

davit of the clerk, which is not controverted, it is alleged, upon information and belief, that the notice of appeal did not reach the postoffice and was not placed in the postoffice box of the clerk until after office hours on October 13, 1926.

*Hoyt v. Stark,* 134 Cal. 178, 86 Am. St. 246, 66 Pac. 223, is a case wherein the facts are somewhat similar to those in the case at bar. The office of the county clerk of Santa Clara county opened at 9 A. M. and closed at 5 P. M. After the hour of 5 P. M., appellant's attorney went to the office of the county clerk to file an undertaking upon appeal. It was the last day allowed him by law for this purpose. Finding the office closed, he went to a social club in the city of San Jose, where he found one of the deputy county clerks, to whom he explained the circumstances. The deputy took the undertaking and indorsed it as filed upon that day and date. Thereafter the undertaking was placed in a proper receptacle in the clerk's office and entry of its filing made in the proper books. The single question presented was whether, under section 940 of the California Code of Civil Procedure, the undertaking was filed in time, that section in terms requiring such to be filed "with the clerk of the court in which the judgment or order appealed from is entered" within five days after the service of notice of appeal. In the course of the opinion the court said:

"In all cases the law has provided a proper officer and a known office in which he is to transact his official business. Regardless of the varying phraseology of the statutes, in contemplation of law a paper whose filing carries notice, or affects private rights, is filed only when deposited with the proper officer at his office for this especial purpose. . . . . It means a presentation to him at the proper place, and within the proper time. . . . . As was said in *Tregambo v. Mining Co.,* 57 Cal. 501: 'Filing a paper consists in presenting it at the proper office and leaving it there, deposited with the papers in such office.' . . . . When section 940 of the Code of Civil Procedure speaks of filing the undertaking with the clerk, it means distinctly that it is to be presented for filing to him at his office."

The case of *Edwards v. Grand,* 121 Cal. 254, 53 Pac. 796, was also quoted from, as holding:

"An instrument is filed for record when it is deposited in the proper office with the person in charge thereof, with directions to record it. . . . . "

In *In re Norton,* 25 Misc. Rep. 48, 53 N. Y. Supp. 924, the following language is found in the course of the opinion:

"By section 59 of the Election Law the last day for the petitioner to file his certificate of nomination was October 14th. Section 58 says (to use its exact words) that it 'shall be filed with the clerk of such county,' . . . . The petitioner offered it to the deputy county clerk at his residence at about 11 o'clock on the night of October 14th, but he declined to receive it on the stated ground that the office of the county clerk was closed. . . . . It is contended that as the statute did not in so many words require the certificate to be filed in the office of the clerk, but only 'with the clerk,' a delivery of it to the clerk anywhere on October 14th would be a filing of it with the clerk under the statute. By section 165 of the County Law (which is almost identical with C. S., sec. 477) the prescribed hours for the county clerk's office to be open were from 8 o'clock in the forenoon to 5 o'clock in the afternoon. Under the liberal construction which is given to the Election Law, in aid of the franchise, I was inclined upon the argument to think that the words of the statute, 'shall be filed with the clerk' of the county, might be construed to mean that the certificate might be delivered to the clerk anywhere. But the difficulty in the way of this interpretation is the word 'file.' In order to be 'filed' with the clerk, a paper must be delivered to him in his office, where the law requires him to keep his books and files, and to receive and file papers. That this is the rule, whether the words of the statute in respect of filing be 'in the office of the clerk,' or 'with the clerk,' is beyond doubt (*Hathaway v. Howell,* 54 N. Y. 97), and to hold otherwise . . . . would only unsettle a thing well understood, and open the door to looseness.''

We do not mean to hold, since the question is not here, that had the notice of appeal in the instant case been re-

ceived at the postoffice and placed in the clerk's box as a part of his official mail, accessible to him within office hours, on October 13, 1926, that the service would have been ineffectual. Neither do we wish it to be understood as holding that had the clerk carried the notice of appeal to his office and deposited it therein, or filed it after office hours, on October 13, 1926, that it would not have been in time. (*Grant v. Lansdon,* 15 Ida. 342, 97 Pac. 960; *Edwards v. Grand, supra.*)

In *Meridian Nat. Bank v. Hoyt & Brothers Co.,* 74 Miss. 221, 60 Am. St. 504, 21 So. 12, 36 L. R. A. 796, the following rule is announced, in effect: Where the law requires a paper to be filed, it simply means that it shall be placed in the official custody of the clerk. This rule seems to be universal in its application to all documents, of whatever nature, which the law requires to be filed. The filing of a document is now generally understood to consist in placing it in the proper official custody by the party charged with the duty of filing it, and the receiving of it by the officer, to be kept on file.

To the same effect, see *Cook v. J. I. Case Plow Works Co.,* 85 Fla. 421, 96 So. 292.

Compliance with the provisions of C. S., secs. 7152, 7153, is necessary to perfect an appeal and to confer jurisdiction upon this court. Since, under the facts of this case, we are of the opinion that there was a failure of compliance with the statutes, the appeal must be dismissed, and it is so ordered. Costs to respondent.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.

Taylor, J., concurs in the conclusion reached.