MRS. M. A. VICKERS, *Appellant*, vs. JOHN B. GLENN, as Trustee in Bankruptcy of the Estate of E. N. Dekle, Bankrupt, *Appellee*.

136 So. 326.

Division A.

Opinion filed July 27, 1931.

Petition for rehearing denied August 8, 1931.

536

*H. H. Wells* and *H. L. Grace,* for Appellant;

*Cecil A. Rountree,* for Appellee.

BUFORD, C.J.—This suit was by Trustee in bankruptcy to cancel a mortgage dated May 15th 1929 and executed on that date from E. N. Dekle and wife to Mrs. M. A. Vickers.

The bill of complaint is grounded on the allegation that the mortgage was not recorded until June 3rd 1929; that E. N. Dekle filed voluntary petition of bankruptcy on the 23rd day of September, 1929, and that, therefore, the effective date of the conveyance from Dekle to Vickers was within four months of the date of the filing of the petition in bankruptcy and was, therefore, void as to creditors.

The final decree was in favor of the complainant and cancelled the mortgage.

The file date on the mortgage and placed there by the Deputy Clerk of the Circuit Court was June 3rd 1929. There was also a record in a file book kept in the Clerk's office that the mortgage was filed in the Clerk's office for record on June 3rd 1929, but both the Clerk and the Deputy Clerk failed to testify that the mortgage was not in truth and in fact deposited with the Clerk of the Circuit Court in the office of such Clerk for record prior to that date. The Clerk of the Court admitted that he remembered distinctly Mr. Wells being in the office before the date shown by the record; that he had the mortgage with him on that occasion and told the Clerk that he wanted the mortgage recorded, but wanted to see some records involving the lands described in the mortgage and that he went with Mr. Wells into the vault to inspect the records. He then says that he does not remember whether Mr. Wells left the mortgage with him at that time to be filed or not. The Deputy Clerk says that he does not remember from whom he got the mortgage but that it came into his hands some way, he assumes on the date that the record shows it was recorded. Except for the record appearing on the mortgage and the entry in the file book, the uncontradicted evidence is that the mortgage was executed on May 15th; that it was delivered by the mortgagee to the officer of the bank in Chipley with directions to deliver it to Harry Wells, with directions that upon his approval he have the same recorded. That all of this happened on the 15th day of May, 1929; that on the next morning, May 16th 1929, the mortgage was delivered by the officer of the bank to Harry Wells, with directions of the mortgagee, and that Wells took the mortgage immediately to the Clerk's office, inspected the record and ascertained whether the lands were in the name of E. N. Dekle or in the name of Dekle

Land Company and that finding same to be in the name of E. N. Dekle, he delivered the mortgage in the Clerk's office to the Clerk with directions that it be recorded. This evidence is uncontradicted except, by the circumstance of the record being made at a later date, as above stated.

It is a well settled rule in this State:

"A paper is filed when it is delivered to the proper officer and received by him to be kept in his official custody. The usual file marks are but one evidence of the filing."

See Commissioners of Franklin County vs. State, ex rel. 24 Fla. 55, 3 Sou. 471.

In view of the uncertainty of the Clerk and the Deputy Clerk as to when the mortgage was delivered to the Clerk in his office to be recorded, we think that the other positive testimony establishes it as a fact that the mortgage was delivered to the Clerk of the Circuit Court of Washington County in his office at Chipley on the 16th day of May, 1929, to be recorded and that by inadvertence the mortgage was not entered upon the records of the office until the 3rd day of June. Therefore, the effective mortgage lien was created more than four months before the date of the filing of the petition in bankruptcy.

The next question presented is whether or not the mortgage was void because of being in fraud of creditors. There is no evidence to indicate that it was void. There is no allegation in the bill of complaint that it was void, except upon the ground that it was filed for record within four months prior to the filing of the petition in bankruptcy. The mortgage itself recites that at the time of the execution thereof E. N. Dekle was justly indebted to Mrs. M. A. Vickers in the sum of $2090.00. There is nothing in the record to show that the property was of materially greater value, or in fact of *any* greater value, than the consideration expressed in the mortgage.

Therefore, it appears to us that whether the mortgage

was given to secure a loan made coincident with the execution of the mortgage, or was executed to secure an antecedent debt, no fraud as against creditors is shown.

In Baldwin vs. Lafayette Land Co., 62 Fla. 129, 56 Sou. 943, it is said:

"A person who receives property from an insolvent debtor in payment of an antecedent debt occupies a more favored position than a purchaser for a present consideration. A preferential transfer of property cannot be declared fraudulent as to other creditors, although the debtor in making it intended to defeat their claims, and the creditor had knowledge of such intention, if the preferred creditor, did not actually participate in the debtor's fraudulent purpose. If the only purpose of the creditor is to secure his debt, and the property is not worth materially more than the debt, the transaction is not fraudulent; and this is so although the creditor knows that the debtor is insolvent and that the transfer is of all the debtor's property, that there are other creditors, and the debtor is actuated solely by a desire to defraud his own creditors, and that the effect of the debtor's action will be to defeat them. But the creditor must act in good faith; for, if he takes the conveyance for the purpose of aiding in the fraud, it is void."

See also Jackson vs. Citizens Bank etc. Co., 53 Fla. 265, 44 Sou. 516.

There is nothing in this record to show that Dekle was insolvent at the time the mortgage was executed.

In Ballard vs. Eckman, 20 Fla. 661, it is held that when a purchase of goods is made in good faith and for valuable consideration from the owner who is embarrassed and insolvent, no fraud is imputed to the purchaser. The contrary rule applies where it appears that the transfer of property was made for the purpose to hinder, delay and defraud creditors and the purchaser knew of this purpose. Jackson vs. Citizens Bank etc. Co., supra; Craig vs. Gamble, 5 Fla. 430.

540

For the reasons stated, the decree should be reversed and it is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.