*In Re:* ESTATE OF CHARLES R. SWITZER, deceased, CHARLES. G. DARLING v. JEANNE WAKEFIELD STREET, as Administratrix, etc.

156 So. 1.

(See also 112 Fla. 525, 150 So. 728.)

Opinion Filed July 13, 1934.

*J. H. Jones,* for Appellant;

*Eldridge Hart,* for Appellee.

ON MOTION TO RECALL MANDATE.

PER CURIAM.—Motion to recall the mandate in this case for purpose of further consideration as on rehearing was made at the June, 1933, term and by special order of this Court such motion was continued over for further consideration and determination during this term, jurisdiction being expressly reserved for that purpose by special order of this Court entered during the last term.

This Court has now fully reconsidered every proposition presented as grounds for recall of the mandate and for rehearing. On October 13, 1933, we affirmed the decree below in lieu of granting a motion to dismiss the appeal as frivolous. The facts of this case insofar as they are necessary to be stated in order to make understandable a ruling on appellant's petition, are hereinafter set forth.

On March 27, 1931, the county judge entered a probate decree denying a petition of Charles G. Darling seeking to set aside probate of the will of one Charles R. Switzer, deceased. Under the statute six months and no more was allowed for taking an appeal from the county judge's decree of March 27, 1931. On the last day for entering an appeal, which happened to fall on Saturday, September 26, 1931, the appellant's attorney found the office of the county judge closed for the day, as was the generally known custom on Saturdays in Orlando. He thereupon called Miss M. I. Hart, a clerk who worked in the office of the county judge, on the telephone, and advised her that he wanted to file his entry of appeal in the Darling case. Counsel then went to Miss Hart's home and there left in her physical custody the paper which was required to be filed in order to effect appellant's entry of appeal. Miss Hart, the county judge's clerk, did not go back to the county judge's office in order to reopen it on Saturday afternoon for the deposit of the paper there on that date, but kept it in her personal possession at her home until Monday morning, September 28, 1931. She then took it to the county judge's office and recorded it.

It therefore appears that although the entry of appeal was actually left in the custody of Miss Hart, the clerk who had authority to file and record it, that it was not actually placed officially amongst the papers in the office of the

County Judge at the Court House until Monday, September 28, 1931, which was two days too late.

In consequence of the above showing in the record the circuit judge dismissed the appeal from the county judge's court. The circuit court's order of dismissal is what is sought to be reversed on the present appeal to this Court.

A paper is not filed unless it is not only deposited with the proper officer but is received by him into his *official* custody.

The authorities all hold that in order to constitute a "filing" a paper must come into the officer's *official* as well as his personal custody. Neither the county judge nor his deputies have any authority to *officially* file as well as receive papers at their personal places of residence. When they undertake to do so, the filing is not complete although the paper is received, until the paper that has been left with the officer is thereafter actually taken by him to the place assigned for its official custody, which is at the court-house.

Until a paper is *received* at the proper place to be there put on file as part of the records of an office in which it is required by law to be not only filed but also kept, the filing is not complete, although the responsible officer may have personally received at some unofficial place the actual physical custody of the document proposed to be filed. Franklin County v. State, 24 Fla. 55, 3 Sou. Rep. 471, 12 Am. St. Rep. 183; Waring v. O'Doniel, 102 Fla. 354, 135 Sou. Rep. 850; Vickers v. Glenn, 102 Fla. 535, 136 Sou. Rep. 326; Cook v. J. I. Case Plow Works Co., 85 Fla. 421, 96 Sou. Rep. 292; Holman v. Chevaillier's Adm'r, 14 Tex. 337; Everman v. Hyman, 26 Ind. App. 165, 28 N. E. Rep. 1022; Beebe v. Morrell, 76 Mich. 114, 42 N. W. Rep. 1119; Day & Conkleton Lbr. Co. v. Mack, 24 Ky. L. 640, 69 S. W. Rep. 712; Mann v. Carson, 120 Mich. 631, 79 N. W. Rep. 941;

Manning v. State, 46 Tex. Cr. 326, 81 S. W. Rep. 957; Meek v. State, *ex rel.,* 172 Ind. 654, 88 N. E. Rep. 299; 89 N. E. Rep. 307; Bade v. Hibbard, 50 Ore. 501, 93 Pac. Rep. 364; Spackman v. Gross, 25 S. D. 244, 126 N. W. Rep. 389; Hogue v. Hogue, 137 Ark. 485, 208 S. W. Rep. 579; Hogue v. Dudley, 137 Ark. 616, 208 S. W. Rep. 582; Grabowski v. Benza, 80 Ind. App. 214, 140 N. E. Rep. 76; People v. Madigan, 223 Mich. 86, 193 N. W. Rep. 806; Golden v. McKim, 45 Nev. 350, 204 Pac. Rep. 602; Mahnken v. Meltz, 97 N. J. L. 159, 116 Atl. Rep. 794; Wilson & Co. v. Banque Francais Du Mexique, 124 Misc. Rep. 690, 208 N. Y. S. 213; American Exchange Nat'l Bank of Dallas v. Colonial Trust Co. (Tex. Civ. App.), 186 S. W. Rep. 361; Luse v. Curry (Tex. Civ. App.), 261 S. W. Rep. 195; David v. Roe (Tex. Civ. App.), 271 S. W. Rep. 196.

In this case, had the young lady clerk who actually received and accepted from appellant's counsel the proposed written entry of appeal, thereafter reopened the county judge's office on Saturday, September 26, 1931, and had actually placed therein on that date amongst the records of the office the paper in question, instead of merely receiving it at her home and keeping it there from Saturday until the following Monday, there could have been no valid question raised as to the right of the appellant to have had the court below consider that such entry of appeal had been filed on Saturday, September 26, 1931, instead of on a following Monday. But such was not the case.

The result is that the appeal was rightly held below to have been filed on Monday, September 28, 1931, instead of on Saturday, September 26, 1931, under the circumstances. This was two days too late. So the circuit court properly dismissed it for want of jurisdiction to entertain an appeal taken out of time, and the motion to recall the mandate and

give further consideration to appellant's plea for a rehearing must be denied, and it is so ordered.

Extraordinary motion for recall of mandate for further consideration on rehearing denied.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.