Richard P. Brinker Clerk Circuit Court Miami
QUESTIONS:
1. May the clerk legally accept lien priority documents — such as deeds, mortgages, and notices of lis pendens — for recording with the time of acceptance by the deputy clerk at the branch office to control the priority?
2. Is the term `county seat' legally defined as meaning only the Dade County Courthouse at 73 West Flagler Street, or does the term include the established branch offices of the clerk?
3. If electronic equipment were installed for assigning official record numbers, with simultaneous communication between the branch offices and the courthouse, would statutory or constitutional amendment be required for the clerk legally to accept lien priority documents at branch offices for recording, with time of acceptance to control the priority?
4. If a lien priority document is clocked in at a branch office through a time/date recorder and the required information transmitted by telephone to the courthouse, would it be legal to record such information on an interim form at the courthouse pending arrival of the original document, thereby establishing priority?
SUMMARY:
In light of the requirements of s. 1(k), Art. VIII, State Const., and s. 695.11, F. S., and the statutory limitations on branch offices of the clerk of the circuit court, s. 28.07, F. S., the clerk, as ex officio county recorder, may not legally accept instruments for recording in the Official Records at branch offices of the clerk of the circuit and county courts within or without the territorial limits of the county seat. Those branch offices of the clerk established at county court facilities described in the inquiry are not within the meaning of `county seat' in Art. VIII. Both constitutional and statutory amendments would be required to permit electronic or telephonic transmission of information between the principal office and branch offices of the clerk for the purpose of filing or recording an instrument in the Official Records. No interim form is authorized for the receipt of information at the courthouse concerning an instrument to be filed in the Official Records.
AS TO QUESTION 1:
Initially, I must note that the clerk of the circuit court (the clerk) is a `county officer' and, unless otherwise provided by county charter or special law approved by vote of the electors, the ex officio clerk of the board of county commissioners, county auditor, county recorder, and custodian of county funds, whose powers and duties in any of his several capacities are fixed by law. See s. 5(c), Art. II, and s. 1(d), Art. VIII, State Const.;see also s. 16, Art. V, State Const., and Alachua County v. Powers, 351 So.2d 32, 35 (Fla. 1977). Insofar as pertinent to your questions, the clerk is functioning in his ex officio capacity as county recorder. See ss. 28.222(1) and 695.11, F. S. The clerk derives his authority and responsibility from both constitutional and statutory provisions. Alachua County v. Powers, supra, at 35. In connection with certain of the clerk of circuit court's judicial functions under the precursor statutes governing the clerk in that capacity, it has been held that the clerk's authority is entirely statutory and his official action, to be binding upon others, must be in conformity with the statutes. The clerk's powers, as those of the other constitutional county officers, are limited to those which have been expressly provided or are clearly necessary to give meaning and effect to those which have been expressly granted. Security Finance Co. v. Gentry,109 So. 220 (Fla. 1926). See, e.g., AGO's 078-95 and 075-161; Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); and Edgerton v. International Company, 89 So.2d 488 (Fla. 1956). If any doubts exist as to the existence of authority, it should not be assumed. Gessner v. Del-Air Corporation, supra.
In order to establish priority against creditors or subsequent purchasers, or to preserve rights pending litigation, the documents you have named — deeds, mortgages, and notices of lis pendens — are required to be `recorded according to law,' s.695.01(1), F. S. (conveyances, transfers, or mortgages of real property), or `recorded in the office of the clerk of the circuit court of the county where the property is,' s. 48.23(1)(a), F. S. (notice of lis pendens). See also s. 28.07, F. S., requiring the clerk to `keep his office at the county seat of the county.' (Emphasis supplied.) Instruments required or authorized to be recorded in the office of the clerk are to be recorded in one general series of books called `Official Records.' Section28.222(2), F. S. This section expressly provides in paragraphs (3)(a) and (b) that deeds, leases, mortgages, and notices of lis pendens are among those instruments which shall be recorded in the Official Records. Section 695.11, F. S., provides that all instruments which are authorized or required to be recorded in theoffice of the clerk of the circuit court, which are to be recorded in the official records as provided in s. 28.222, and which are filed for recording shall be deemed to have been officiallyaccepted by the clerk, and officially recorded, at the time the clerk affixes thereon, i.e., on the instrument filed for recording, the consecutive official register numbers required under s. 28.222. At such time the recorded instruments constitute notice to all persons. The sequence of such official numbers determines the priority of recordation. Section 28.222(2) requires the clerk to keep a register in which he shall enter, at the time of filing, the filing number of each instrument filed for record, the date and hour of filing, and certain information pertaining to each instrument.
Section 28.222(4), F. S., declares that any reference (in these statutes) to the filing of certain instruments with the clerk means the recording of those instruments. The general rule for filing documents is well established in this state.
 Until a paper is received at the proper place to be there put on file as part of the records of an office in which it is required by law to be not only filed but also kept, the filing is not complete, although the responsible officer may have personally received at some unofficial place the actual physical custody of the document proposed to be filed. [In re
Switzer's Estate, 156 So. 1, 2 (Fla. 1934); Emphasis supplied in part by the court and in part by the writer.]
Accord: Vickers v. Glenn, 136 So. 326 (Fla. 1931); Waring v. O'Doniel, 135 So. 850 (Fla. 1931); and Cook v. J. I. Case Plow Works Co., 96 So. 292 (Fla. 1923). Thus, the answer to your first question depends on the constitutional and statutory limitations on the location for keeping those records into which the documents you have named must be filed or recorded in order to achieve priority of recordation as against creditors or subsequent purchasers for valuable consideration and without notice.
Section 1(k), Art. VIII, State Const., provides:
 COUNTY SEAT. In every county there shall be a county seat at which shall be located the principal offices and permanent records of all county officers. The county seat may not be moved except as provided by general law. Branch offices for the conduct of county business may be established elsewhere in the county by resolution of the governing body of the county in the manner prescribed by law. No instrument shall be deemed recorded in the county until filed at the county seat according to law. (Emphasis supplied.)
This constitutional provision requires in plain language that theprincipal offices and permanent records of all county officersshall be located at the county seat and, furthermore, that no instrument shall be deemed recorded in the county until filed atthe county seat according to law. The language is clear and unambiguous; except for laws prescribing the mode of filing or recordation, it does not require the aid of legislative enactment for implementation. Cf. Alsdorf v. Broward County, 333 So.2d 457
(Fla. 1976) (construing s. 1(h), Art. VIII, State Const., to be self-executing). Construing a provision in the 1885 Constitution similar to the first sentence of s. 1(k), Art. VIII, supra, the Florida Supreme Court declared unconstitutional a statute authorizing a clerk's removal of permanent `official books' outside the county seat for terms of circuit court.
 Such a procedure makes for a disorderly administration of justice, it would create confusion and uncertainty and is contrary to the complete orderly system set up in the Constitution for the administration of justice.
 But it is contended that the act makes for convenience and the dispatch of litigation. That may be true but the orderly dispatch of litigation does not always respond to convenience. . . . If the thing here sought to be accomplished can be done in the manner attempted, then there is no end to which the purpose of a county seat may be flustered and every community in the County may be made the County seat for some purpose. If such things are done, they should be brought about as the fundamental law provides. [Mack v. Carter, 183 So. 478, 479 (Fla. 1938).]
See AGO 067-23 (also interpreting the 1885 Constitution), concluding that permanent official records of the county school superintendent must be filed at the the county seat; cf. AGO 074-56, concluding that the clerk's official records must continue to be stored at the county seat after filing as required by s. 1(k), Art. VIII, State Const. Thus, it seems clear that the Official Records, as well as the prescribed registers and indexes as permanent records of the clerk, must be kept at the principal office of the clerk at the county seat, that no part of the Official Records, registers, or indexes may be moved from the county seat, and, therefore, that filing or recording in the Official Records or the affixation of the official register number or other entries in the register must occur only at the county seat at the principal office of the clerk where the Official Records and other permanent records are kept. When the Constitution expressly provides how a thing shall be done, it impliedly forbids its being done in a substantially different manner. Amos v. Mathews, 126 So. 308 (Fla. 1930). Accord: Alsop v. Pierce, 19 So.2d 799 (Fla. 1944). In re Advisory Opinion of the Governor Civil Rights, 306 So.2d 520, 523 (Fla. 1975), and decisions cited therein.
As you have noted, there are both constitutional and statutory provisions for branch offices of the clerk or for the conduct of county business, but the functions you have described in your inquiry and subsequent correspondence do not appear to be within the purview of either of those provisions. Section 1(k), Art. VIII, supra, provides for branch offices to be established outside of the county seat by resolution of the governing body of the county for `the conduct of county business,' followed by a separate sentence declaring that no instrument shall be deemed recorded until filed at the county seat. Section 28.07, F. S., provides that the clerk of the circuit court shall keep his office at the county seat of the county; except that the clerk may establish branch offices in other places than the county seat when he feels such offices to be necessary, provided that all permanentofficial books and records shall be kept at the county seat.
From the information you have provided this office, it appears that the branch offices already established by the clerk are offices of the clerk acting as clerk of the county court and were not created under the constitutional authority given to local governments in s. 1(k), Art. VIII, supra. You have indicated that these branch offices are located in branches of the county court established by the chief judge of the Eleventh Judicial Circuit, under Rule 1.020, RCP, and s. 34.181, F. S. These branch offices are concerned with the clerk's judicial functions as clerk of the county court. The clerk's powers and functions as county recorder are not within the purview of, or controlled by, this rule and statute nor by the permissive authority to establish branch offices granted by s. 28.07, F. S.
Branch offices constitutionally or statutorily authorized for some purposes but not for others must be operated only in the manner and for those purposes provided by law for those branches. In light of the constitutional and statutory limitations discussed above on the recording of lien priority instruments, it appears that the branch offices (of the clerk of county court) you have described in the inquiry and supplemental correspondence could not be used for the functions (of county recorder) requested of your office. See AGO 058-17, in which questions similar to yours were addressed and it was there concluded that recording of instrumentsbecomes effective when the instrument is placed in the officialoffice of the clerk of the circuit court at the county seat and not when it is presented or even received by a deputy clerk at a branch office outside the county seat. See also AGO's 078-135 (county tax collector not authorized to establish branch offices for county business outside county seat), 078-77 (tax collector not authorized to enter contracts with commercial banks to collect ad valorem taxes), and 076-173 (only board of county commissioners may establish branch offices for tax collector). Cf. AGO 077-109 (supervisor of elections statutorily authorized to establish branch offices for municipal voter registration). I am not unmindful of the emphasis given by s. 695.11, F. S., for priority of recordation purposes to the register number affixed on an instrument filed for recording in the office of the clerk pursuant to s. 28.222, F. S.; however, I can find no basis in s. 695.11
from which to infer that the register number could be given to an instrument independently and by any means other than an entry in the prescribed register kept by the clerk at his office at the county seat, or at any location separate from the other steps of recordation or permanent records of the county recorder. In view of the constitutional limitations and rules of constitutional law discussed above, I am of the opinion that s. 695.11, read with s.28.222, was not in any way intended to authorize such a substantial departure from the uniform constitutional and statutory recording requirements and certainly these statutes must be read and applied in light of the requirements of s. 1(k), Art. VIII, State Const.
AS TO QUESTION 2:
In the case of Beville v. State, 55 So. 854 (Fla. 1911), the Florida Supreme Court held, concerning where within the county seat terms of circuit court might be held, that a county seat or county town is the chief town of a county where the county building and courts are located and county business transacted and that a particular building is not a factor so long as the building is located at the county seat. In Motes v. Putnam County,196 So. 465 (Fla. 1940), the court construed the requirement of s. 4, Art. XVI, State Const. 1885, that county officers should keep their offices and official books and records at their respective county seats to mean that business of the board of county commissioners should be conducted at a known place in the county seat and that actions taken outside the county seat were unauthorized and without legal effect. It follows then, with respect to the official books and records of the clerk, that it was intended that they be kept at a known place at the county seat accessible to the public.
Assuming that the principal offices of the clerk and the other county officers of Dade County are, in fact, located at the Dade County Courthouse at 73 West Flagler Street, Miami, that is the `county seat' for purposes of your inquiry. The branch offices of the clerk of the county court within and without the corporate limits of the City of Miami, described and discussed in question 1, are not within the constitutional meaning of `county seat,' as they are not the principal office of the clerk nor the place where the permanent records kept by the clerk in his capacity as ex officio county recorder are located. Rather, such branch offices of the clerk of the county court simply serve the several county branch court districts established by the chief judge of your judicial circuit.
AS TO QUESTIONS 3 AND 4:
I am aware of no provision in s. 28.222 or s. 695.11, F. S., or any other section of the statutes governing the recording of `lien priority documents,' that would authorize electronic or telephonic transmission of recording data between branch offices and the principal office of the clerk of the courts or of the clerk as ex officio county recorder for purposes of filing or recording, as required by s. 28.222, F. S., instruments in the Official Records of the county or making the required entries in the register. The same is true for the use of `interim forms' pending arrival of the instrument to be recorded in the Official Records located in the clerk's office at the county seat.
When the controlling law provides how a thing must be performed, that is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, supra, Advisory Opinion of the Governor Civil Rights, supra; see also AGO's 078-95 and 079-7, concluding that a board of county commissioners is not authorized to transfer county funds by telephone between various county accounts and depositories. In my opinion, both constitutional and statutory amendment would be necessary to utilize the procedures you have described in this inquiry. Cf. AGO 067-43, advising that an amendment to the 1885 Constitution would be necessary to permit the circuit court to hold nonjury trials in a place other than the county seat.
In summary, therefore, I conclude that, in light of the requirements of s. 1(k), Art. VIII, State Const., and s. 695.11, F. S., and the statutory limitations on branch offices of the clerk of the circuit court set out in s. 28.07, F. S., the clerk, as ex officio county recorder, may not legally accept instruments for recording in the Official Records at branch offices of the clerk of the circuit and county courts within or without the territorial limits of the county seat. Those branch offices of the clerk established at county court facilities described in your inquiry are not within the meaning of `county seat' in Art. VIII. Both constitutional and statutory amendments would be required to permit electronic or telephonic transmission of information between the principal office and branch offices of the clerk for the purpose of filing or recording an instrument in the Official Records. No interim form is authorized for the receipt of information at the courthouse concerning an instrument to be filed in the Official Records.
Prepared by:
Carol Z. Bellamy Assistant Attorney General